UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIZETH LYTLE, Individually,
and on behalf of All Others
Similarly Situated Who Consent to Their
Inclusion in a Collective Action;

    Plaintiff,

CASE NUMBER:

v.

LOWE'S HOME CENTERS, INC.,
a Foreign Corporation,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **LIZETH LYTLE** (hereinafter referred to as "Plaintiff" or "Ms. Lytle"), individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through their undersigned counsel, sues, Defendant, **LOWE'S HOME CENTERS, INC.** (hereinafter referred to as "Defendant" or "LOWE'S"), pursuant to *29 U.S.C. 216(b)*, the Fair Labor Standards Act (the "FLSA"), and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for violation of federal wage and hour laws by and on behalf of all similarly situated current and former employees of Defendant.

2. Pursuant to policy and plan, the Plaintiff and similarly situated current and former employees have been given the title of "Human Resources Manager" and unlawfully misclassified by Defendant as exempt employees to avoid compensating them for time worked in excess of forty (40) hours per week.

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

3. Defendants failed to pay Plaintiff and similarly situated employees in accordance with the FLSA. Specifically, Plaintiff and similarly situated employees were not paid time and a half of their regular rate pay for all hours worked in excess of forty (40) hours per week. Plaintiff and similarly situated employees did not and currently do not perform work that meets the definition of exempt under the FLSA.

4. In this pleading, the term "Human Resources Manager" means any employee with the title of Human Resources Manager or any other title or position where employees perform substantially the same work as employees with that title (discovery may reveal additional job titles and employees that should be included).

5. In this pleading, "Defendant" means the named Defendant: LOWE'S HOME CENTERS, INC., and any other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

6. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves a Federal Statute, *29 U.S.C. § 216 (b)*.

8. This Court has personal jurisdiction over this action, because LOWE'S operates substantial business in Hillsborough County, Florida and the damages at issue occurred in Hillsborough County, Florida.

9. Venue is proper to this Court pursuant to *29 U.S.C. § 216(b)*.

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

## THE PARTIES

### The Representative Plaintiff

10. Ms. Lytle resides in Hillsborough County, Florida. Ms. Lytle worked for LOWE'S from June of 2007 until March 23, 2012 as a Human Resources Manager at store 0573 located at 11375 Causeway Boulevard, Brandon, Florida 33511.

### The Defendant

11. Defendant LOWE'S is a Foreign Profit Corporation with its principle place of business at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697. Defendant may be served through its registered agent for service of process, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida 32301.

## NATURE OF THE ACTION AND THE CLASS
## NATIONAL CLASS OF HUMAN RESOURCES MANAGERS

12. This collective action arises from an ongoing wrongful scheme by LOWE'S to willfully misclassify Human Resources Managers as exempt from the overtime benefits due under the FLSA.

13. Plaintiff brings this suit on behalf of a collective class of similarly situated persons composed of:

> All *Human Resources Managers* or other Human Resources store employees with other titles, who are or were employed with LOWE'S, within the past three years preceding this lawsuit (i.e. August 14, 2012) to the day of trial, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b) who have worked in excess of forty (40) hours per week and were not paid overtime wages.

14. Ms. Lytle believes that she can adequately represent the Collective Class and

consents to doing so.

15. Ms. Lytle is a proper Class representative as she was employed by Defendant as a Human Resources Manager.

16. Plaintiff alleges for herself, and on behalf of the class who elect to opt-in to this action that she is entitled to unpaid wages from Defendants for overtime work for which she did not receive overtime premium pay, as required by law.

## FACTUAL BACKGROUND

17. LOWE'S operates more than 1,750 home improvement retail stores nationwide, including 107 stores in Florida.

18. Upon information and belief, all stores are uniform in management, and the stores are mirror images of each other.

19. Upon information and belief, all or substantially all stores operate with the same training models for employees, career paths, job titles, hierarchy, and employee policies and procedures.

20. Upon information and belief all stores are supervised by territory or regional officers, including Human Resources Managers who represent the corporate office.

21. The overtime wage provisions set forth in FLSA §207 apply to LOWE'S, who engages in commerce under the definition of the FLSA.

22. The position of Human Resources Manager is not a position that falls within any exemptions within FLSA §213.

23. The Human Manager Position job description is the same for all states.

24. No college education is required for the Human Resources Manager Position.

25. A sample of the Human Resources Manager Position job postings from LOWE'S

website shows identical job descriptions in at least the following states: Georgia, Massachusetts, New Jersey, North Carolina, Washington, Iowa, and Maine.

26.　　All job postings are handled by the corporation and listed on the company's website. The job descriptions for the Human Resources Manager position are identical for all states.

27.　　Ms. Lytle and other similarly situated employees are currently or have previously been covered under FLSA §207.

28.　　Pursuant to FLSA §207, LOWE'S, as the employer of Ms. Lytle and other similarly situated employees, was and is required to pay one and one-half times each employee's hourly rate for hours worked in excess of forty (40) hours per week.

**Ms. Lytle**

29.　　Ms. Lytle worked for LOWE'S from June of 2006 until March 23, 2012 as a Human Resources Manager.

30.　　Ms. Lytle's duties as a Human Resources Manager included mainly clerical work such as processing documents, maintaining records, processing payroll, reporting employees' claims to carriers, and assisting the store Manager various tasks. Ms. Lytle also assisted the Store Manager with hiring process; she could hire employees only with the approval of the Store Manager.

31.　　Ms. Lytle did not have the ability to supervise, hire, or fire other employees. Only the store manager, who was in a superior position to Ms. Lytle, could supervise, hire, and fire employees. Ms. Lytle could interview, select, and recommend a candidate for hiring to the Store Manager. The Store Manager ultimately made the decision whether to hire the candidate or not.

32.　　Ms. Lytle's work did not involve the exercise of discretion and judgment. She

had no authority to make independent decisions on matters that affected the business as a whole or any significant part of the business

33. Ms, Lytle did not supervise any employees and did not have any subordinate employees she could or did delegate work to.

34. Ms. Lytle did not have the authority to promote employees, determine their pay rates or benefits, or give raises. Ms. Lytle was unable to make personnel decisions.

35. Ms. Lytle did not have the authority to decide whether or not an employee should be disciplined for an infraction or what the discipline would be. Disciplinary decisions were made by Ms. Lytle's superiors and/or dictated by Defendant's company policies.

36. Ms. Lytle was not in reality a manager as that term is known within the FLSA laws. The primary job duty of Ms. Lytle was as a low level Human Resources employee, processing documents, following instructions of corporate procedures, and processing payroll.

37. Ms. Lytle was paid a salary of Fifty-Six Thousand, Five Hundred Dollars ($56,500.00) per year, which was based on working forty (40) hours per week.

38. Ms. Lytle averaged fifty-five (55) hours of work per week.

39. Ms. Lytle worked these hours throughout her employment with LOWE'S.

40. The Defendant willfully violated FLSA §207 by failing to pay Ms. Lytle and others similarly situated the proper overtime compensation for all hours worked in excess of forty (40) per week.

41. Upon information and belief, for the three-year period before this filing, (the "Class Period"), the continued violations of FLSA §207 that are complained of herein have been practiced and imposed upon all Human Resources Managers or other Human Resources store employees of LOWE'S nationwide, who have regularly worked in excess of forty hours per week.

There are more than 1,750 stores nationwide, each modeled with uniformity and each with Human Resources Managers.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

42. Ms. Lytle brings this FLSA claim on behalf of all Human Resources Managers who work or who have worked for LOWE'S at any time during the Class Period.

43. LOWE'S has willfully misclassified Human Resources Managers as salaried, exempt employees for the purpose of avoiding the overtime pay provision of the FLSA. LOWE'S has done so uniformly throughout its stores nationwide by not compensating Human Resources Managers with overtime wages. The job duties of the Human Resources Manager position is uniform throughout all LOWE'S stores nationwide with regard to the intentional and willful misclassification of this class of employees.

44. LOWE'S has intentionally and repeatedly engaged in the practice of misclassifying non-exempt Human Resources Managers as salaried exempt employees under the FLSA for the purpose of minimizing payroll and increasing profitability.

45. The primary job duty and function of the Human Resources Manager is not management of the store or enterprise.

46. Only the Store Manager exercises discretion and judgment and has the authority to make independent decisions on matters that affect the business as a whole.

47. LOWE'S is liable under the FLSA for failing to properly compensate Human Resources Managers who worked over forty (40) hours per week, and as such, notice should be sent to past and current employees of LOWE'S. It is estimated that there are at least 1,750 current or past similarly situated Human Resources Managers who have worked over 40 hours per week without overtime pay in violation of the FLSA. These similarly situated employees

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

would benefit from the issuance of a court supervised notice regarding the present lawsuit and the opportunity to join in the present lawsuit pursuant to FLSA §216(b). These similarly situated employees are known to LOWE'S, are readily identifiable, and can be located only through LOWE'S records.

48. LOWE'S required Ms. Lytle to work a mandatory fifty-five (55) hours per week.

49. Upon information and belief, this policy is a corporate decision and is applied uniformly to all other similarly situated managers.

### CLAIM FOR RELIEF FOR VIOLATION OF FLSA §207

50. Plaintiff alleges and incorporates by reference paragraphs one (1) through forty-nine (49) of this Complaint and fully restates and re-alleges all facts and claims herein.

51. LOWE'S has willfully and intentionally engaged in a nationwide pattern and practice of violating the provisions of the FLSA, by misclassifying Human Resources Managers as exempt under the FLSA overtime wage provision, thereby improperly failing and/or refusing to pay Ms. Lytle and the Plaintiff Class, comprised of all current and former similarly situated employees who work or have worked over forty (40) hours per week, overtime compensation pursuant to FLSA §207.

52. LOWE'S has been operating its business since 1946, and is well aware of the FLSA, its provisions and exemptions, and knew or should have known that job title alone (i.e. Human Resources Manager) is not controlling of the overtime exemption status of employment under the FLSA.

53. LOWE'S knowingly and willfully misclassified Ms. Lytle and other employees similarly situated, comprised of the Plaintiff Class, as exempt for the purposes of decreasing costs and maximizing profitability.

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

54. LOWE'S knowingly and willfully failed to track the hours worked by most, if not all of the Human Resources Managers, including Ms. Lytle and other employees similarly situated, comprised of the Plaintiff Class.

55. LOWE'S knew or should have known that the act of paying Ms. Lytle and other employees similarly situated, comprised of the Plaintiff Class, on a salary basis, without more, is insufficient to evade the wage and hour requirements of the FLSA.

56. The widespread nature of LOWE'S failure to pay overtime under the FLSA is demonstrative of LOWE'S willful plan and scheme to evade and avoid paying overtime to all of their Human Resources Managers.

57. As a result of LOWE'S' violations of the FLSA, Ms. Lytle and the Plaintiff Class, comprised of all other employees similarly situated, have suffered damages by LOWE'S failure to pay overtime compensation in accordance with FLSA §207.

58. LOWE'S has not made a good faith effort to comply with the FLSA, and the overtime compensation requirements with respect to Ms. Lytle and the Plaintiff Class, comprised of all other employees similarly situated.

59. Due to LOWES' willful violation of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

60. As a result of LOWE'S unlawful acts, Ms. Lytle and the Plaintiff Class, comprised of all other similarly situated employees, have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Lytle individually, and on behalf of other past and present Human Resources Managers of LOWE'S, requests the following relief:

a) That Ms. Lytle be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Human Resources Managers employed by the Defendant at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for each respective class;

b) That all past and present Human Resources Managers be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

c) That the Court find LOWE'S in violation of the overtime compensation provisions of the FLSA;

d) That the Court find LOWE'S violation of the FLSA was and is willful;

e) That the Court enjoin LOWE'S, pursuant to *29 U.S.C. §217*, from withholding future payment of overtime compensation owed to members of the Plaintiff Class.

f) That the Court award to Ms. Lytle, and the Plaintiff Class, comprised of all similarly situated employees, overtime compensation for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216;

g) That the Court award Ms. Lytle and the Plaintiff Class reasonable attorneys' fees and costs pursuant to FLSA §216; and

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

h) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this ___14___ day of August, 2012

Respectfully submitted by,

_____
Mitchell L. Feldman, Esq.
Florida Bar. No. 80349
Feldman, Fox & Morgado, P.A.
501 North Reo Street
Tampa, Florida 33609
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: mfeldman@ffmlawgroup.com
*Attorney for Plaintiff*