UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIZETH LYTLE, individually
and on behalf of all others
similarly situated who consent
to their inclusion in a
collective action,

      Plaintiff,

v.                                    Case No.  8:12-cv-1848-T-33TBM

LOWE'S HOME CENTERS, INC.;
LOWE'S COMPANIES, INC.;
and LOWE'S HIW, INC.,

      Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff
Lizeth Lytle's Amended Motion for Conditional Certification
of Collective Class and Issuance of Notice and Motion for
Equitable Tolling (Doc. # 205), which was filed on July 26,
2013. Defendants Lowe's Home Centers, Inc., Lowe's Companies,
Inc., and Lowe's HIW, Inc. filed a response in opposition to
Lytle's Motion for Conditional Certification of Collective
Class on August 21, 2013. (Doc. # 221). Thereafter, with leave
of Court, Lytle filed a reply on September 4, 2013. (Doc. #
235). Upon review and for the reasons stated below, the Court
grants the Motion for Conditional Certification of Collective

Class as provided herein. However, the Court denies the Motion

for Equitable Tolling of the statute of limitations.

I.   **Background**

Lytle worked for Defendants from June of 2007 until March

of 2012 as a Human Resources Manager. (Doc. # 186 at ¶ 13).

Lytle asserts that Defendants have

> willfully and intentionally engaged in a nationwide
> pattern and practice of violating the provisions of
> the [Fair Labor Standards Act (FLSA)], by
> misclassifying Human Resources Managers as exempt
> under the FLSA overtime wage provision, thereby
> improperly failing and/or refusing to pay [Lytle]
> and the Plaintiff Class, comprised of all current
> and former similarly situated employees who work or
> have worked over forty (40) hours per week,
> overtime compensation pursuant to FLSA [29 U.S.C.
> §§ 206-207].

(Id. at ¶ 60; Doc. # 205 at ¶ 10). Accordingly, Lytle filed

an action for unpaid overtime compensation, liquidated

damages, pre-judgment and post-judgment interest, attorneys'

fees, costs and other compensation pursuant to 29 U.S.C. §

216(b) and injunctive relief pursuant to 29 U.S.C. § 217

against Defendants on August 15, 2012 (Doc. # 1), and

thereafter filed an Amended Complaint (Doc. # 76) on April

15, 2013.  Lytle filed a Second Amended Complaint on July 5, 2013.[1] (Doc. # 186).

At this juncture, Lytle seeks conditional certification of this case as a nationwide collective action pursuant to 29 U.S.C. § 216(b), consisting of:

> All Human Resources Managers or other Human Resources store employees with other titles, who are or were employed with [Defendants], within the past three years preceding this lawsuit to the day of trial, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section 216(b) who have worked in excess of forty (40) hours per week and were not paid overtime wages.

(Doc. # 205 at ¶ 11).

**II.  <u>Legal Standard</u>**

The FLSA expressly permits collective actions against employers accused of violating the FLSA's mandatory overtime provisions. <u>See</u> 29 U.S.C. § 216(b) ("[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").  In prospective collective

---

[1]    The Court notes that in the Second Amended Complaint, Lytle alleges a claim pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"). However, as the present Motion specifically requests conditional certification of a nationwide collective action pursuant to 29 U.S.C. § 216(b), the Court will limit its discussion to the FLSA claim.

actions brought pursuant to § 216(b), potential plaintiffs must affirmatively opt into the collective action. Id. ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under § 216(b). Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 (11th Cir. 2003)(citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision - usually based on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members." Cameron-Grant, 347 F.3d at 1243.

The Court must determine whether there are other employees who desire to opt-in and whether those employees are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008); Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

4

This determination is made using a "fairly lenient standard." Hipp, 252 F.3d at 1218. Factors considered in determining whether the potential plaintiffs are similarly situated to the named plaintiffs include (1) job duties and pay provisions and (2) whether they were subject to a common policy, plan, or scheme that forms the basis of the alleged FLSA violation. Dybach, 942 F.2d at 1567-68; Vondriska v. Premier Mort. Funding, Inc., 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007). The plaintiffs bear the burden of showing a reasonable basis for the claim that there are other similarly situated employees who desire to join in the litigation. Id.

The second stage of the certification process is "typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." Hipp, 252 F.3d at 1218. During the second stage of the certification process, the standard to show substantial similarity is more stringent. Morgan, 551 F.3d at 1261.  If it is determined at the second stage that the representative plaintiffs and the opt-in plaintiffs are not similarly situated, the district court "decertifies" the collective action. Id. Notably, the Court does not make credibility determinations or resolve

contradictory evidence presented by the parties during the notice stage. See, e.g., Henderson v. Holiday CVS, LLC, No. 09-cv-80909, 2010 U.S. Dist. LEXIS 53604, at *10 (S.D. Fla. May 11, 2010)(declining to "indulge in a fact finding determination on the merits, which is improper" at the notice stage of the litigation).

## III. Conditional Certification Analysis

### A.    Do Others Seek to Join in the Action?

As noted, Lytle bears the onus of demonstrating that there are other employees who desire to opt into the litigation and that these other employees are similarly situated with respect to their job requirements and pay arrangements. Dybach, 942 F.2d at 1567-68.  In their response, Defendants concede that "[Lytle] has satisfied the first prong" of the Eleventh Circuit's two-tiered procedure. (Doc. # 221 at 5). Therefore, the Court will analyze whether Lytle has satisfied the second prong – whether the potential class members are similarly situated.

### B.    Are the Potential Class Members Similarly Situated?

In determining whether the potential class members are similarly situated, the Court must consider whether the employees are similar with respect to their job requirements

and pay provisions and the commonality of their claims. Dybach, 942 F.2d at 1567-68; Horne v. United Serv. Auto Ass'n, 279 F. Supp. 2d 1231, 1234 (M.D. Ala. 2003). Lytle must only demonstrate that her position is similar, not identical, to the positions of the potential class Plaintiffs. Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). "[A] unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal "similarly situated" requirement of § 216(b). Id. at 1095. As explained in Morgan, the plaintiff's burden of showing a "reasonable basis" for the claim that there are other similarly situated employees is "not particularly stringent, fairly lenient, flexible, not heavy, and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." 551 F.3d at 1260-61 (internal citations omitted).

Lytle submits that the potential class members are similarly situated and, therefore, national class certification is warranted because Lytle, and the opt-in Plaintiffs, allege "identical job duties, hours [worked], lack of authority, lack of supervision of others and nearly identical employment history working as [Human Resources Managers] in [Lowe's] stores across the United States." (Doc.

7

# 205 at 18). Furthermore, Lytle contends she and the potential class Plaintiffs were all "subject to the same common practice or scheme by Defendants [-] misclassifying them as salaried, exempt and requiring overtime work." (Id. at 17, 20).

To support her contention, Lytle tenders the declarations of approximately 60 former and current Human Resources Managers, each sharing common core allegations regarding their personal employment and the standard business practices of Lowe's stores across the United States. Specifically, Lytle provides the declarations of former Area Human Resources Managers - Jamey Feltman and Michael Ferrara – to demonstrate that the "[Human Resources Managers] are similarly situated across all Lowe's stores throughout the United States and that they are subjected to a common practice or scheme that violated the law." (Id. at 22).

The Court reproduces salient portions of Feltman and Ferrara's declarations below:

> The Lowe's stores are mirror images of each other, including management, policies, hours, job duties, merchandise and layout. . . .  As to the [Human Resources] Managers, Lowe's mandates uniformity in hours and job duties.

Lowe's corporate sets job duties and parameters for how each employee is to perform his or her job.

Lowe's corporate sets the number of hours each [Human Resources] Manager is to be scheduled for, as well as other employees in a uniform manner.

[Human Resources] Managers were not given the authority [to] use their discretion to fire or discipline employees.

Each store [Human Resources] Manager required the approval of the Area Manager or the Store Manager when it came to making any decisions affecting the store or Lowe's.  The [Human Resources] Managers had little if any discretion or decision making authority.

All [Human Resources] Managers were required to work overtime, above forty (40) hours per week.

All [Human Resources] Managers were scheduled for eleven (11) hours per day as well and always working every other Saturday.

The [Human Resources] Managers routinely worked beyond the scheduled hours.

The [Human Resources] Managers were all treated as salaried exempt employees and not paid for their overtime hours.

The primary duties of the [Human Resources] Manager position did not involve the exercise of discretion and independent judgment with respect to matters of significance of Lowe's.

9

> The [Human Resources] Managers did not supervise employees and only [in] rare instances was there even a [Human Resources] coordinator subordinate employee in the [Human Resources] department of each store.

(Doc. # 205-5).

However, in response, Defendants contend that nationwide class certification is improper because in order to determine whether the potential class Plaintiffs are similarly situated, the Court would be required to engage in "individualized, factual determinations of each opt-in class member" (Doc. # 221 at 2). Furthermore, "[a] potential opt-in class is not similarly situated if 'a determination of which employees are entitled to overtime compensation under the FLSA depends on an individual, fact-specific analysis of each employee's job responsibilities under the relevant statutory exemption criteria.'" (Id. at 19)(quoting Tyler v. Payless Shoe Source, Inc., No. 2:05-cv-33F(WO), 2005 WL 3133763, at *6 (M.D. Ala. Nov. 23, 2005)).

Specifically, Defendants submit that the Court would have to inquire as to each Human Resources Manager's daily job duties, authority to supervise, hire, and discipline, and the classification of each Human Resources Manager as exempt

or non-exempt for the time period in question, which would defeat the purpose of conditional certification. (Doc. # 221 at 21). "[S]uch individualized differences [amongst the opt-in class members] destroy the purpose underlying collective action treatment and defeat attempts at collective action certification, even at this initial conditional certification stage." (Id. at 3).

This Court was faced with a similar argument as that posed by Defendants in Vondriska. There, the defendant alleged that the proposed class was not similarly situated because "the job titles and job duties of its employees vary from branch to branch." 564 F. Supp. 2d at 1335-36. The Court found that "[v]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage" and as a result, the Court found that the record evidenced a uniform class of similarly situated employees. Id. at 1335 (quoting Scott v. Heartland Home Fin., Inc., No. 01:05-cv-2812, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006)(granting conditional certification to loan officers despite allegations their duties differed among branches)); see also Pendlebury v. Starbucks Coffee Co., No. 04-cv-80521,

2005 WL 84500, at *3-4 (S.D. Fla. Jan. 3, 2005)(granting conditional certification and refusing to consider factual dispute raised by defendant at the conditional certification stage where plaintiff offered affidavits establishing a similarly situated class).

Following the sound reasoning in Vondriska, this Court determines that Lytle has shown that there are similarly situated Human Resources Managers who seek to join this action and that Defendants' arguments against conditional certification are premature. Defendants' contentions pinpointing variations in the performance of Human Resources Managers duties depending on the particular store, store manager, Area Human Resources Manager, Human Resources Manager's personal experience, or when the particular duties were performed do not convince the Court that conditional certification is unwarranted. Instead, "Defendant[s'] arguments appear to be relevant to the application of various exemptions from the FLSA, which is more properly addressed after discovery is completed." Vondriska, 564 F. Supp. 2d at 1335-36; see Morgan, 551 F.3d at 1261-62 (courts should consider at the second stage "the various defenses available

to defendant[s] [that] appear to be individual to each plaintiff.").

Therefore, although the Court will re-examine the similarly situated status of the putative class members, if asked to do so at a later stage in a motion to de-certify filed by Defendants, at this point in the proceedings, Lytle has satisfied the burden of demonstrating that there are similarly situated persons who have suffered a pattern and practice of FLSA violations sufficient to warrant conditional certification of a collective action in this case.

**IV.   Notice**

Lytle requests that this Court review her proposed form of class notice and require the notice to be posted at all Lowe's stores that Human Resources Managers are employed. (Doc. # 205 at 35). However, upon review of the present Motion, Lytle has not provided the Court with a proposed form of class notice. Exhibit H, which Lytle submits contains the proposed form of class notice, is instead a copy of Hoffman-La Roche, Inc. v. Richard Sperling, et al., 49 U.S. 165 (1989).

Nevertheless, in the event this Court granted conditional certification, which it has, Defendants, in their

response, reserved the right to "comment . . . on the notice to be issued to the potential opt-ins since the proposed notice has defects and is unfair to [Defendants]. For example, [Lytle] asks that the notice be posted in all stores. This request is highly unusual, and is not necessary (or appropriate) in this case, where there is only one potential class member in each store." (Doc. # 221 at n.8).

As there is disagreement between the parties regarding the proposed notice and means of dissemination, the parties are directed to file briefs supplementing their respective position on this matter by January 27, 2014. The Court, however, encourages the parties to confer in good faith regarding this issue in hopes that the parties will come to an agreement and file a jointly proposed notice and method of dissemination.

## V.   Production of Names and Addresses of the Class

Lytle requests that this Court require Defendants to produce the names and addresses of all putative class members in order to carry out the notice. (Doc. # 205 at 35). However, the Court defers its ruling on this issue until the Court has been fully briefed on the proposed notice and means of dissemination.

14

## VI. <u>Equitable Tolling</u>

By her present Motion, Lytle seeks an Order tolling the statute of limitations on the putative class members from "at least thirty (30) days after [Lytle] filed her Reply to Defendants Opposition to Plaintiff's Motion for Conditional Certification or **May 19, 2013**, which would have provided the Court with a reasonable amount of time to rule upon [Lytle's] original Motion for Conditional Certification." (<u>Id.</u> at 39)(emphasis in original).

"Equitable tolling is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." <u>Ellis v. Gen. Motors Acceptance Corp.</u>, 160 F.3d 703, 706 (11th Cir. 1998). In <u>Wallace v. Kato</u>, the Supreme Court described equitable tolling as "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." 549 U.S. 384, 396 (2007). In the Eleventh Circuit, the doctrine is "applied sparingly." <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

15

circumstance stood in his way." <u>Downs v. McNeil</u>, 520 F.3d 1311, 1324 (11th Cir. 2008).

Defendants have not challenged that Lytle has diligently pursued her rights in this action. The issue before the Court is whether extraordinary circumstances warrant equitable tolling. Lytle contends that such extraordinary circumstances exist because the issue of whether nationwide class certification is warranted has been pending now for almost ten months.

According to Lytle, Lytle filed her initial Motion for Conditional Certification of Collective Class on March 14, 2013. (Doc. # 35). Based upon the filing of Lytle's Second Amended Complaint, the Court denied as moot Lytle's Motion for Conditional Certification "in order to promote accuracy in the filings and clarity of the record." (Doc. # 191). As a result, Lytle was required to then file the present Amended Motion for Conditional Certification on July 26, 2013. (Doc. # 205). Lytle thus argues that "[T]he Court's Order rendering [Lytle's] original Motion for Conditional Certification moot has delayed sending notice to putative class members who, through no fault of [Lytle], have been prevented from learning

16

of the existence of this action, and have been prejudiced and financially harmed." (Id. at 39).

While it is "unusual" for a motion for conditional certification to remain pending for 18 months, it is not "extraordinary" for such a motion – and the issues it addresses - to remain pending for only ten months, as was the case here. See, e.g., Fiore v. Goodyear Tire & Rubber Co., No. 2:09-cv-843, 2011 U.S. Dist. LEXIS 24371, at *10 (M.D. Fla. Mar. 10, 2011)("plaintiff has failed to demonstrate that extraordinary circumstances warrant tolling of the statute of limitations" even though it took the court nine months to grant the FLSA motion for conditional certification); Love v. Phillips Oil, Inc., No. 3:08-cv-92, 2008 U.S. Dist. LEXIS 102366, at *6-8 (N.D. Fla. Dec. 9, 2008)(rejecting FLSA plaintiffs' request for equitable tolling when the motion for conditional certification was pending for nine months before being granted by the court); Pendlebury v. Starbucks Coffee Co., No. 04-80521, 2008 U.S. Dist. LEXIS 20089 (S.D. Fla. Mar. 13, 2008)(rejecting plaintiffs' argument that statute of limitations in FLSA action should be equitably tolled because it took the court six months to rule on the motion for

conditional certification and four months to approve the notice to the potential class members).

Furthermore, courts in the Eleventh Circuit routinely deny motions like the present one because, during the pendency of the Amended Motion for Conditional Certification, "putative class members had two options for filing a timely claim: (1) opt into this collective action if they were aware of it, or (2) file an individual FLSA action." Ramos-Barrientos v. Bland, No. 6:06-cv-89, 2010 U.S. Dist. LEXIS 37562, at *5 (S.D. Ga. Apr. 15, 2010); Bobbitt v. Broadband Interactive, Inc., No. 8:11-cv-2855, 2012 U.S. Dist. LEXIS 96551, at *7-8 (M.D. Fla. July 12, 2012)(reasoning that, at any time during the 13 month period in which the motion for conditional certification was pending, any putative class member "could have chosen to file suit against [defendant], as nothing precluded them from doing so."); see also Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1243-44 (S.D. Ala. 2008)(finding no equitable tolling "during the pendency of a conditional class certification request"). Furthermore, this Court "did nothing to lull putative class members into inaction, so equitable tolling is not appropriate." Ramos-Barrientos, 2010 U.S. Dist. LEXIS 37562, at *5.  Thus, the

18

Court declines to apply the extraordinary remedy of equitable tolling to this matter.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff Lizeth Lytle's Amended Motion for Conditional Certification of Collective Class and Issuance of Notice (Doc. # 205) is **GRANTED to the extent provided herein**.

(2)   Plaintiff Lizeth Lytle's Motion for Equitable Tolling (Doc. # 205) is **DENIED.**

(3)   The parties are directed to file briefs supplementing their respective position regarding the proposed class notice and means of dissemination of the notice by January 27, 2014.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of January, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

19