UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIZETH LYTLE, individually
and on behalf of all others
similarly situated who consent
to their inclusion in a
collective action,

     Plaintiff,

v.                                    Case No. 8:12-cv-1848-T-33TBM

LOWE'S HOME CENTERS, INC.;
LOWE'S COMPANIES, INC.;
and LOWE'S HIW, INC.,

     Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff Lizeth Lytle's Motion to Add Party Defendant to ERISA Claims (Doc. # 254), which was filed on October 1, 2013. Defendants Lowe's Home Centers, Inc., Lowe's Companies, Inc., and Lowe's HIW, Inc. (collectively referred to as "Lowe's") filed a response in opposition (Doc. # 282) on October 18, 2013. After careful consideration, and for the reasons that follow, Lytle's Motion is granted.

**I.  Background**

On August 15, 2012, Lytle initiated this action against Lowe's Home Centers Inc. on behalf of herself and others

similarly situated. (Doc. # 1). Thereafter, on April 15, 2013, Lytle filed an amended complaint naming Lowe's HIW, Inc. as a party defendant. (Doc. # 76). Subsequently, on July 5, 2013, Lytle filed a second amended complaint adding Lowe's Companies, Inc. as a party defendant. (Doc. # 186).

In the second amended complaint, Lytle asserts that Lowe's has:

> willfully and intentionally engaged in a nationwide pattern and practice of violating the provisions of the [Fair Labor Standards Act (FLSA)], by misclassifying Human Resources Managers as exempt under the FLSA overtime wage provision, thereby improperly failing and/or refusing to pay [Lytle] and the Plaintiff Class, comprised of all current and former similarly situated employees who work or have worked over forty (40) hours per week, overtime compensation pursuant to FLSA [29 U.S.C. §§ 206-207].

(Id. at ¶ 60). Furthermore, Lytle adds additional counts against Lowe's alleging violations of the Employment Retirement Income Security Act of 1974 ("ERISA"). See (Doc. # 186). The ERISA claims are based on the underlying FLSA misclassification claim (Count I). Essentially, Lytle argues that because she was allegedly not paid overtime, in violation of the FLSA, Lowe's did not make all of the required contributions under the 401(k) plan. See id.

2

On July 29, 2013, Lowe's moved to dismiss Lytle's second amended complaint arguing that "[Lytle's] ERISA claims are not cognizable under the law and [Lytle] is not entitled to recover the relief she seeks, nor is [Lytle] entitled to recover relief from any of the Lowe's defendants because none of them is a proper party defendant as to these counts." (Doc. # 206). Noteworthy, Lowe's motion to dismiss is still pending before the Court.

On June 20, 2013, this Court entered a second amended case management and scheduling order, which set November 20, 2013, as the deadline to add parties or to amend pleadings.[1] (Doc. # 174). On October 1, 2013, Lytle timely filed the present Motion seeking to add the Administrative Committee of Lowe's Companies, Inc. as a party defendant to the ERISA claims. (Doc. # 254). Lowe's filed a response in opposition to the Motion on October 18, 2013. (Doc. # 282). The Court

---

[1] A third amended case management and scheduling order was issued on October 8, 2013, setting March 20, 2014, as the deadline to add parties or amend pleadings; April 14, 2014, as the deadline for filing dispositive motions; August 7, 2014, as the date for the final pre-trial conference, and setting September 2014, as the trial term for this action. (Doc. # 264).

has reviewed the Motion and the responses thereto, and is otherwise fully advised in the premises.

## II. Discussion

Lytle seeks to add the Administrative Committee of Lowe's Corporation, Inc. as a party defendant to the ERISA claims alleged in the second amended complaint pursuant to Fed. R. Civ. P. 21. See (Doc. # 254). Rule 21 provides "On motion or on its own, the court may at any time, on just terms, add or drop a party." See Fed. R. Civ. P. 21. If, however, the parties seek to add a party under Fed. R. Civ. P. 21, courts generally use the standard of Fed. R. Civ. P. 15, governing amendments to pleadings, to determine whether to allow the addition. See Datastrip Int'l Ltd. v. Intacta Technologies, Inc., 253 F. Supp. 2d 1308, 1318 (N.D. Ga. 2003)(citing Loggerhead Turtle v. Cnty. Council of Volusia Cnty., 148 F.3d 1231, 1255 (11th Cir. 1998)); Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)("A motion to add a party is governed by [Rule] 15(a).").

Fed. R. Civ. P. 15 provides that "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); see Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989)("[U]nless a substantial reason exists to deny leave to amend, the discretion of the [d]istrict [c]ourt

4

is not broad enough to permit denial."). As a result, there must be a "justifying reason" for a court to deny leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962). These "justifying reasons" can include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the other party, or futility. Id.

Lowe's does not claim undue delay, bad faith, or dilatory motive on the part of Lytle. Instead Lowe's argument rests solely on futility:

> Because adding the [Administrative Committee of Lowe's Corporation, Inc.] does not cure the deficiencies in [Lytle's] Second Amended Complaint, the amendment to add the [Administrative Committee of Lowe's Corporation, Inc.] would be futile and should be denied on that basis.

(Doc. # 282 at 6).

Denial of leave to amend is justified on grounds of futility when the pleading, as amended, is subject to dismissal. See Halliburton & Assoc., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985); see also Taylor v. Fla. State Fair Auth., 875 F. Supp. 812, 815 (M.D. Fla. 1995) (stating "leave to amend should only be denied on the ground

5

of futility when the proposed amendment is clearly insufficient or frivolous on its face").

Upon review, the Court does not find it apparent that adding the Administrative Committee of Lowe's Corporation, Inc. as a party defendant to Lytle's ERISA claims is futile. Specifically, at this juncture, it is not evident that the ERISA claims raised by Lytle are insufficient as a matter of law and thus subject to dismissal. Therefore, in an effort to fully develop the factual and legal arguments surrounding this case and provide every party an adequate opportunity to assert all allegations, claims, and defenses it may have, the Court, in its discretion, grants Lytle's request for leave to add the Administrative Committee of Lowe's Corporation, Inc. as a party defendant in this action.

Further, the Court finds that to ensure clarity on the record, the filing of a third amended complaint is warranted. As such, Lytle has until and including January 31, 2014, to file a third amended complaint adding the Administrative Committee of Lowe's Corporation, Inc. as a party defendant to this action and setting forth ERISA claims against all party defendants where applicable.

The Court clarifies that this Order has no impact on the Court's January 10, 2014, Order regarding Lytle's amended

6

motion for conditional certification of collective class and issuance of notice. (Doc. # 340).

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Lizeth Lytle's Motion to Add Party Defendant to ERISA Claims (Doc. # 254) is **GRANTED**.

(2) Lytle has until and including **January 31, 2014**, to file a third amended complaint adding the Administrative Committee of Lowe's Corporation, Inc. as a party defendant to this action.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of January, 2014.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record