UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:12-cv-1848-T-33TBM

LIZETH LYTLE, Individually,
and on behalf of All Others
Similarly Situated Who Consent to Their
Inclusion in a Collective Action,

    Plaintiff,

v.

LOWE'S HOME CENTERS, INC., et al.,

    Defendants.
_____/

## AMENDED CASE MANAGEMENT REPORT

Pursuant to the Court's order concerning scheduling in this matter [DE 386], the parties jointly submit this amended case management report. The following deadlines are consistent with a Track Three designation, which is warranted in light of the conditional certification of this matter as a collective action under the Fair Labor Standards Act. [DE 340.] Over 500 people have opted into the FLSA class to date. Moreover, Plaintiff has also sought certification of a nationwide ERISA class under Rule 23 of the Federal Rules of Civil Procedure. Thus, the parties agree that the scope of discovery and pretrial procedures has changed and that the case should be designated as Track Three.

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | Complete Deadline to amend: 5/21/14 (two weeks after close of notice period) |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | Complete Deadline to amend: 5/21/14 (two weeks after close of notice period) |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | 7/31/14 |
| **Disclosure of Expert Reports** Plaintiff: Defendant: [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | 3/6/15 (Plaintiff) 4/3/15 (Defendant) |
| **Fact Discovery Deadline** | 4/28/15 (Consistent with Track Three designation) |
| **Expert Discovery Deadline** | 4/28/15 |
| **Motion to decertify the collective action** | 5/29/15 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions** [Court requires 5 months or more before trial term begins] | 6/15/15 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [10 days before Joint Final Pretrial Statement] | 9/8/15 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 6 weeks before Trial] | 9/18/15 |
| **All Other Motions Including Motions *In Limine*** [Court recommends 1 month after the dispositive motions deadline] | 7/30/15 |
| **Final Pretrial Conference** [The Court will set a date that is approximately 4 weeks before trial] | 10/2/15 |

2

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| **Trial Term Begins** | 10/26/15 |
| **Estimated Length of Trial  [trial days]** | 30 days |
| **Jury / Non-Jury** | Jury as to FLSA claims, non-jury as to ERISA claims |
| **Mediation** **Deadline:** **Mediator:** **Address:** **Telephone:** **[Absent arbitration, mediation is *mandatory*; the Court recommends 7 days after the discovery deadline]** | 5/7/15 (The parties already mediated once; the parties are discussing the selection of a mediator and will supplement accordingly.) |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____ No__X__ Likely to Agree in Future _____ |

**I.** **Meeting of Parties**:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a conference was held on April 24, 2014 at 1:30 p.m. (as well as on other occasions) between:

>   Juan C. Enjamio, counsel for Lowe's Home Centers, Inc.
>   Mitchell L. Feldman, counsel for Lizeth Lytle and opt-ins

**II.** **Fed.R.Civ.P.26(a)(1), as amended, effective December 1, 2000, Pre-Discovery Initial Disclosures**:

The parties  (check one)  [x] have exchanged  [_] agree to exchange information described in Fed.R.Civ.P. 26(a)(1) on or before _____.  In addition, the parties agree to amend their Rule 26(a)(1) disclosures, to the extent necessary, within two weeks after the close of the class notice period (that is, by May 21, 2014).  Below is a detailed description of information disclosed or scheduled for disclosure:

>   All information required by Fed. R. Civ. P. 26(a)(1).

3

### III.     Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;

_X__ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.  The form or forms in which ESI should be produced.

B.  Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought

C.  Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

---

[2]  See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16.

   E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

   F. Any issues relating to preservation of discoverable ESI.

   G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

   H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each: The parties have not identified any areas of disagreement. The parties will continue to discuss ESI issues.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

   ___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

_X__ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

   A.     **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___X___   Yes

_____   No

The parties will file an Amended Certificate, to the extent necessary, by May 21, 2014.

B.  **Discovery Not Filed** —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

None at this time.

C.  **Limits on Discovery** —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including subparts.  Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  The parties have agreed to limit discovery as follows:

1.  Depositions

The parties have agreed that on or before **June 6, 2014**—i.e., approximately 30 days after the deadline for potential class members to submit a notice of consent to join the action—the parties will each identify up to 25 members of the plaintiff class about whom the parties will conduct in-depth discovery.  Members of the "in-depth discovery group" may be deposed.  Depositions of class members will be limited to members of the in-depth discovery group, absent Court approval, except as described below.

The parties have agreed to allow depositions of trial witnesses listed on any trial witness list if not previously deposed during discovery.  Such depositions shall be concluded no later than fourteen days prior to trial unless leave of court is obtained.

Pursuant to Rule 30(b)(6), Plaintiff may conduct a deposition concerning the ESI issues identified in Plaintiff's December 19, 2013 notice by **September 30, 2014**.  To the extent

disputes arise concerning Defendants' handling of ESI, Defendants will have six weeks to cure before Plaintiff may raise the issue with the Court.

Each party will be able to take up to 15 additional depositions of fact witnesses (in addition to the in-depth discovery group) without further mutual agreement or leave of court. Any corporate 30b6 depositions of defendants on the substantive issues will be included within this limit. These additional depositions will not include members of the class, unless the party seeking any such deposition obtains leave of court. The parties shall additionally be able to depose other witnesses disclosed on a trial witness list as set forth above.

2. Interrogatories

The parties will abide by the limits in the Federal Rules of Civil Procedure and/or the Local Rules, without prejudice to either party seeking relief from the Court of those limits. Each Party may send written interrogatories anew in this class phase of discovery, subject to the limits in the Federal Rules of Civil Procedure or in the Local Rules.

3. Document Requests

To the extent they have not already done so, by **July 15, 2014**, Defendants will produce all reports, surveys, manuals, policies and procedures, governing the job duties and hours expected of an HRM. Likewise, to the extent they have not already done so, Defendants will produce manuals, guides, policies, analyses, surveys, and investigations that they claim support their position on the HRMs' exempt status and that are not otherwise privileged.

By **August 8, 2014** (approximately 90 days after the close of the notice period), Defendants will provide additional information for each member of the in-depth discovery group. The parties will discuss the extent of the additional document discovery pertaining to this group, and shall agree on the scope by May 9, 2014. To the extent they cannot agree by this date, they will submit the issue to the Magistrate.

As for the remaining members of the plaintiff class, on or before **July 16, 2014** (approximately 60 days after the end of the notice period), Defendants will provide payroll data in the same form as Defendants have been providing such data to date. Document production for all members of the class, other than the in-depth discovery group, shall be limited to their payroll data.

Each party shall be permitted to serve requests for written discovery to each other as needed and permitted under the Federal Rules, subject to the limits set forth in this section and/or in the Federal Rules of Civil Procedure or the Local Rules.

       4.  Requests to Admit

The parties will abide by the limits in the Federal Rules of Civil Procedure and/or the Local Rules, without prejudice to either party seeking relief from the Court of those limits.

       5.  Supplementation of Discovery

Parties agree that supplementation under Fed.R.Civ.P. 26(e) will be provided as soon as practicable but no later than 28 calendar days of learning the relevant information or before the close of discovery, whichever is earlier.

  **D.**  **Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

  **E.**  **Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

None.

  **F.**  **Confidentiality Agreements** —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to

9

file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  *See* Local Rule 4.15.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

      **G.**      **Other Matters Regarding Discovery —**

**V.**      **Settlement and Alternative Dispute Resolution**.

      **A.**      **Settlement —**

The parties agree that settlement is

\_\_\_\_\_ likely __X____ unlikely     (check one)

The parties will continue, however, to explore settlement options.

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes ___X___ no     likely to request in future _____

10

    **B.**  **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

_____ yes \_\_\_X\_\_\_ no*   likely to agree in future _____

_____ Binding    _____Non-Binding

*Defendant believes that members of the class from the State of California are bound by individual agreements to submit claims to arbitration, and will raise this issue with the Court after the close of the class notice period.

    **C.**  **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have previously agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov. The parties may also agree on a certified mediator with experience in national class actions who may be located outside of Florida.

    **D.**  **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

None at this time.

11

Dated this 28th day of April, 2014

| | |
|---|---|
| FELDMAN MORGADO P.A.<br>501 North Reo Street<br>Tampa, Florida  33609<br>Tel:    (813) 639-9366<br>Fax:   (813) 639-9376<br>MFeldman@ffmlawgroup.com<br><br>By: s/Mitchell L. Feldman<br>     Mitchell L. Feldman<br>     Florida Bar No. 0080349<br><br>*Counsel for Plaintiff* | HUNTON & WILLIAMS LLP<br>1111 Brickell Avenue, Suite 2500<br>Miami, Florida  33131<br>Tel:    (305) 810-2500<br>Fax:   (305) 810-2460<br>jenjamio@hunton.com<br><br>By: s/Juan C. Enjamio<br>     Juan C. Enjamio<br>     Florida Bar No. 571910<br><br>*Counsel for Defendant* |