UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIZETH LYTLE, individually
and on behalf of all others
similarly situated who consent
to their inclusion in a
collective action,

       Plaintiff,
v.                            Case No. 8:12-cv-1848-T-33TBM

LOWE'S HOME CENTERS, INC.,
ET AL.,

       Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Motion for Enlargement of Time Under Case Management Order to Secure Experts and Motion for Reconsideration Regarding Fourth Amended Case Management and Scheduling Order (Doc. # 413), filed on May 6, 2014. For the reasons that follow, the Motion is granted in part.

On August 15, 2012, Lytle initiated this collective action pursuant the Fair Labor Standards Act (FLSA). (Doc. # 1). Thereafter, on December 7, 2012, this Court entered a Case Management Scheduling Order (Doc. # 19), and then entered an Amended Case Management and Scheduling Order on March 8, 2013. (Doc. # 34). In the Amended Case Management and

Scheduling Order the deadline for disclosure of expert reports for both parties was April 15, 2013. (Id.).

On April 15, 2013, the parties filed a joint motion for enlargement of deadline to disclose expert reports, wherein the parties requested an Order enlarging the deadline to disclose expert reports until forty-five days after a ruling from this Court certifying the action as a collective action. (Doc. # 83). On May 6, 2014, Thomas B. McCoun, United States Magistrate Judge, entered an Order granting the parties' joint motion *nunc pro tunc*. (Doc. # 120).

This Court entered a Second Amended Case Management and Scheduling Order on June 20, 2013 (Doc. # 174), a Third Amended Case Management and Scheduling Order on October 8, 2013 (Doc. # 264), and the operative Fourth Amended Case Management and Scheduling Order (Doc. # 409) on April 29, 2014. In the Fourth Amended Case Management and Scheduling Order, the Court indicates that the disclosure of expert reports is "Already Completed."

## Discussion

In the present Motion, the parties request that the Court reconsider the Fourth Amended Case Management and Scheduling Order, specifically the deadline for expert disclosures. According to the parties:

2

> Because the Parties were unsure of the ultimate size of the collective class, and were unsure about the scope of discovery, they did not obtain experts or complete expert reports as it was premature to expend expert costs prior to class certification. As such, the Parties intended to secure experts after the collective class was certified.
>
> However, the Parties have not obtained experts or disclosed Expert Reports because, as previously stated, they were unsure of the size of this collective action, as well as whether this action would be conditionally certified at all, and it was premature for the parties to expend costs on obtaining experts and preparing expert reports until both parties were certain as to size of the collective class and the scope of discovery.
>
> The Parties are now in the process of obtaining payroll records for those Opt-In Plaintiffs that are continuing to opt-into this lawsuit, as the Class period is still not over, and it would be premature to obtain experts without knowing the full scope of the Class.

(Doc. # 413 at ¶¶ 4, 6, 8).

This Court conditionally certified the collective class on January 10, 2014. (Doc. # 340). Therefore, the parties had forty-five days – until February 24, 2014, – to disclose their experts in compliance with Judge McCoun's Order. This should have already been completed. However, the parties admittedly have failed to do so.

Although the Court acknowledges the challenges inherent in managing a collective action, these challenges do not justify the parties' continuous disregard of the deadlines imposed by this Court.[1] The Court, not the parties, sets the deadlines that are to be adhered to, and the Court expects counsel and the parties to comply with these deadlines. Furthermore, the parties may not independently extend any deadline imposed by the Federal Rules of Civil Procedure or this Court. If the parties seek an extension, they are required to file an appropriate motion explaining the relief sought, in accordance with Local Rule 3.01. It is apparent from the Motion that for their own convenience counsel for both parties have disregarded the deadlines imposed by this Court as well as the requirements set forth in the Local Rules. This method of practice will not be permitted.

Nonetheless, in light of the parties' omission, this Court finds that the ends of justice would be best served by modifying the Fourth Amended Case Management and Scheduling

---

[1] This is not the first time the parties have disregarded this Court's direct Orders. For instance, without seeking leave of Court to do so, the individual parties and corporate representatives appeared by phone at the Court-ordered mediation conference despite the Court's repeated instruction that personal attendance at mediation is required. (See Doc. ## 48, 174).

Order to allow for a brief extension of the deadline to disclose expert reports. Accordingly, the deadline for both parties to disclose expert reports is July 1, 2014. The discovery deadline remains September 15, 2014, and this Court will not grant any further extensions of this deadline under any circumstances. Therefore, the parties are advised to conduct discovery well in advance of this deadline, so they can adequately react to any challenges that may arise. The parties are free to stipulate to the deadline by which the parties are to obtain and name experts.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion for Enlargement of Time Under Case Management Order to Secure Experts and Motion for Reconsideration Regarding Fourth Amended Case Management and Scheduling Order (Doc. # 413) is **GRANTED in part.**

(2) The deadline for both parties to disclose expert reports is July 1, 2014.

(3) All remaining deadlines in the Fourth Amended Case Management and Scheduling Order (Doc. # 409) remain in place.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of May, 2014.

5

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record