# EXHIBIT 1

## COLLECTIVE ACTION SETTLEMENT AGREEMENT

THIS COLLECTIVE ACTION SETTLEMENT AGREEMENT (hereinafter "Agreement") is entered into by and between Lizeth Lytle ("Plaintiff"), in her individual capacity and as "Class Representative" (as that term is defined in Section 3 below and as ultimately appointed by the Court), on her own behalf and on behalf of the "Plaintiff Class" (as defined in Section 2 below and as ultimately certified as part of the Court's approval of this settlement), on the one hand, and Lowe's Home Centers, LLC ("Defendant")[1], on the other hand, with reference to the recitals and provisions set forth below (Plaintiff and Defendant are collectively referred to as the "Parties"). This Agreement is effective upon its execution by all Parties.

## RECITALS

WHEREAS, Plaintiff and Lowe's Home Centers, Inc., Lowe's HIW, Inc., Lowe's Companies, Inc., and the Administrative Committee of Lowe's Corporation, Inc. are named parties to the case styled as *Lytle v. Lowe's Home Centers, Inc. et al.*, Case No. Case No. 8:12-cv-1848-33TBM, which is pending in the United States District Court for the Middle District of Florida (the "Lawsuit");

WHEREAS, Lowe's Home Centers, Inc. was converted to Lowe's Home Centers, LLC on or about November 1, 2013 and Lowe's HIW, Inc. was merged into Lowe's Home Centers, LLC on or about December 31, 2013;

WHEREAS, Plaintiff, on her own behalf and on behalf of the Plaintiff Class (as defined below), alleges that she and all similarly situated Human Resources Managers ("HRMs") were misclassified by Defendants as exempt employees under the Fair Labor Standards Act ("FLSA");

WHEREAS, Plaintiff alleges that, as a result of the alleged misclassification, Defendants violated the FLSA and provisions of the Employee Retirement Income Security Act ("ERISA");

WHEREAS, the Court conditionally certified a collective action under Section 216(b) of the FLSA and denied as moot Plaintiff's motion to certify a Rule 23 class;

WHEREAS, to date 884 current or former HRMs have filed consents to join this Lawsuit;

---

[1] Lowe's Home Centers, Inc. (a named Defendant) was converted to Lowe's Home Centers, LLC on or about November 1, 2013. Lowe's HIW, Inc. (another named Defendant) was merged into Lowe's Home Centers, LLC on or about December 31, 2013.



WHEREAS, the Plaintiff Class, as defined by the Court in its Order dated January 14, 2014 granting conditional certification totals at least 2,834 potential class members;

WHEREAS, Defendants deny that they have misclassified HRMs as exempt employees, maintain that HRMs exercise (and have exercised during the entire Class Period) duties and responsibilities that render them properly exempt under the FLSA, and deny that they owe any damages under the FLSA or ERISA;

WHEREAS, the Parties, through their counsel, have engaged in extensive discovery, including exchanging thousands of documents, taking the deposition of corporate representatives of the Defendant, and taking the depositions of select current and former HRMs who filed consents to join this Lawsuit;

WHEREAS, said discovery has disclosed facts that raise questions about the viability of a collective action under Section 216(b) of the FLSA and that show that there is no basis for a determination that any violation by Defendants (to the extent there was a violation) was willful and/or not in good faith;

WHEREAS, the issue of the overtime rates applicable to the claims of the Plaintiff Class was and is the subject of a dispute concerning the applicability of the Fluctuating Workweek method (which, among other considerations, computes the overtime rate at one-half of the regular hourly rate);

WHEREAS, a large number of the Plaintiff Class are California residents who executed arbitration agreements and would potentially be faced with filing individual actions to pursue claims under the FLSA or California wage laws, leading to the potential arbitration of hundreds of individual claims and entangling the parties in protracted enforcement actions and appeals, all of which would be unduly costly and time consuming;

WHEREAS, without admitting any liability or conceding in any way that the duties performed by HRMs during the Class Period rendered HRMs non-exempt, Defendant has revised the job description for the HRM position, and the Parties agree that the revised job description meets the requirements for the administrative exemption under the FLSA;

WHEREAS, the Parties want to settle all claims that Plaintiff and the Plaintiff Class may have relating to or that flow from the alleged misclassification during the Class Period, including all claims under the FLSA, ERISA, and similar state wage and hour laws;

WHEREAS, the Parties participated in two formal mediation sessions, the latest occurring on July 15, 2014, before James Brown, Esq., the Court-appointed mediator, and have continued to negotiate the terms of this Agreement since the formal mediation session;

WHEREAS, Lowe's has agreed to a maximum potential settlement fund of Nine Million Five Hundred Thousand Dollars ($9,500,000.00), which amount was calculated by multiplying the amount of Three Thousand One Hundred and Sixty Seven Dollars ($3,167.00) times the estimated number of potential Plaintiff Class members, which



amount includes all payments to the Plaintiff Class, as well as all payments for attorneys' fees, incentive payments and other costs to the extent and in the manner set forth below (the "Maximum Settlement Amount"), and which Maximum Settlement Amount will be paid only if all members of the Plaintiff Class become Settlement Class Members (as those terms are defined below);

WHEREAS, the Parties agree to a settlement of the Lawsuit because of the mutual costs and risks of continuing to prosecute and defend misclassification lawsuits that may be filed on behalf of HRMs;

WHEREAS, Defendants have denied and continue to deny each of the claims and contentions raised in the Lawsuit;

WHEREAS, if the Agreement is not approved or if the Effective Date does not occur for any reason, Defendants shall be free to assert any defenses to the claims raised by Plaintiff or the Plaintiff Class, and to oppose certification of a FLSA collective action or a Rule 23 class action; and

WHEREAS, it is the intention of the Parties to settle and dispose of all claims, demands, and causes of action that are, or could have been, asserted in this Lawsuit or in any lawsuit or legal proceeding relating in any way to the alleged misclassification of HRMs who have worked for Defendants or their affiliates or predecessors during the Class Period.

## PROVISIONS

1.   COOPERATION BY THE PARTIES

The Parties and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Agreement.

2.   FINAL CERTIFICATION OF CLASS UNDER SECTION 216(b)

a.   Definition of Plaintiff Class

By Order dated January 14, 2014, the Court conditionally certified the Lawsuit as a national class pursuant to Section 216(b) of the FLSA.  The Parties will ask the Court to finally certify for settlement purposes only the "Plaintiff Class" defined as follows (the definition of which mirrors definition of the group that was conditionally certified by the Court in its Order granting conditional certification):

> All persons who were employed as a Human Resources Manager by one of the Defendants at any time from January 10, 2011 through the [date of Order granting approval].

Approved by Legal Dept ⟶
VP Approval _____

b.    Persons Excluded From Settlement

Any person who previously released or settled all of the claims covered by this settlement, or any person who previously received or was paid awards through civil or administrative actions for all of the claims covered by this settlement, shall not be a member of the Plaintiff Class.

c.    Final Certification of Plaintiff Class for Settlement Purposes

Solely for the purpose of implementing this Agreement and effectuating the settlement, the Parties agree to the entry of an order finally certifying for settlement purposes only a collective action under Rule 216(b) of the FLSA limited to the Plaintiff Class and providing an additional notice period subject to the conditions and limitations set forth in Section 8 below.

In the event that this settlement does not receive preliminary or final approval from the Court (or if a final approval order is reversed on appeal), no party shall use the foregoing provision or the certification of the Plaintiff Class, the certification of a collective action for settlement purpose, the appointment of Class Representative, or the appointment of Plaintiff's Counsel as Class Counsel for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

3.    APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

In the Order dated January 10, 2014, the Court appointed Plaintiff as Class Representative and appointed Plaintiffs' counsel as Class Counsel. The Parties agree that Plaintiff shall remain as Representative of the Plaintiff Class (the "Class Representative"), and Plaintiff's Counsel shall remain as Class Counsel (the "Class Counsel"). Defendant agrees to these designations for settlement purposes only. In the event that this settlement does not receive final approval from the Court (or if a final approval order is reversed on appeal), no party shall use the foregoing provision of this Agreement or the appointment of the Class Representative and/or Class Counsel for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

4.    CLASS PERIOD

The class period shall be from January 10, 2011 to [date of Order Granting Approval] (the "Class Period").

5.    ADMINISTRATION OF SETTLEMENT

Class Counsel, as defined above, shall be responsible for the administration of the settlement contemplated in this Agreement, including without limitation: providing all notices to the Plaintiff Class as required under this Agreement; receiving and processing all communications from and to the Class; maintaining all records related to the administration of the settlement; and ensuring that all withholdings are properly

applied and processed. Class Counsel may, but is not obligated to, contract with a third party to provide some or all of the services required to administer the settlement.

Defendant shall provide Class Counsel with all documents necessary for the administration of the settlement, and shall be responsible for the costs of the settlement administration to the extent and in the manner set forth in Section 6 below. No costs or fees for administration shall be incurred, however, until and unless the Court grants preliminary approval of the settlement.

6.   CONSIDERATION BY DEFENDANT

In consideration for the releases, dismissals and promises set forth in this Agreement, Defendant agrees to make payments up to the Maximum Settlement Amount, which payments include: (1) the payment to members of the Plaintiff Class pursuant to the payment procedure as described in Section 9 of this Agreement; (2) the payments, including incentive payments, as described in and as limited by Section 6(b) below and as awarded by the Court; (3) the costs of administration as set forth in and as limited by Section 6(c) below; and (4) the payment of attorneys' fees, costs and expenses, as set forth in and as limited by Section 6(d) below and as awarded by the Court.

   a.   Net Settlement Fund for Plaintiff Class: The Net Distribution Amount

In accordance with the computation mechanism established in Section 9, the Plaintiff Class will then have available to receive up to a maximum of Two Thirds (2/3) of the Maximum Settlement Amount, which sum equals Six Million Three Hundred and Thirty Three Thousand Three Hundred and Thirty Three Dollars ($6,333,333.00) (the "Net Distribution Amount"), from which the Settlement Class Members (as that term is defined in Section 8(e) below) will be paid on a pro rata basis as set forth in Section 9 below after first deducting the costs to be paid Class Counsel, the incentive payments to the extent and up to the limits set forth in Section 6(b), and the costs of administration to the extent and up to the limits set forth in Section 6(c). The Net Distribution Amount shall, therefore, include all the payments to the Plaintiff Class, the incentive payments to the extent and subject to the limits set forth in Section 6(b), the costs of administration to the extent and subject to the limits set forth in Section 6(c), the costs awarded to Class Counsel under Section 6(d), and the withholdings and taxes described below.

Defendant shall pay the Settlement Class Members from the Net Distribution Amount their individual pro-rata share of the settlement in the manner and to the extent set forth in Section 9. The Net Distribution Amount to be paid by Defendant to the Settlement Class Members shall include unpaid overtime pay, and any wages, reimbursements, penalties, incentive awards (unless otherwise excluded below) and payments to Plaintiff (unless otherwise excluded below) or damages associated with or related to the alleged misclassification of Plaintiff and the Plaintiff Class as exempt employees under the FLSA or any state wage and hour laws; the alleged failure to pay Plaintiff and the Plaintiff Class overtime compensation or to make contributions under ERISA based on any such overtime compensation; expenses as approved by the Court



(except as otherwise set forth below); settlement payments; employee-paid withholding and payroll taxes (including state and federal income taxes, social security contributions, and unemployment taxes); and all other settlement-related payments and costs except as otherwise set forth in this Section. The Net Distribution Amount does not include the reimbursement of attorneys' fees (which are addressed in Section 6(d)), the costs and expenses of administration excluded under Section 6(c), and the payments to Plaintiff excluded under Section 6(b).

Under no conditions will the Defendant's collective liability for payments to the Plaintiff Class in the Lawsuit exceed the Net Distribution Amount, unless otherwise explicitly set forth in this Section 6. At no time shall Defendant have the obligation to segregate funds comprising the Net Distribution Amount, and Defendant shall retain exclusive authority over, and the responsibility for, those funds. All payments to the members of the Plaintiff Class, and all costs of administration (subject to the limitations set forth in Section 6(c)), penalties, incentive payments (subject to the limitations set forth in Section 6(b)), and costs of Class Counsel as awarded by the Court shall be paid out of the Net Distribution Amount.

In addition to the Net Distribution Amount, Defendant shall be responsible for paying all employer-paid withholding and payroll taxes and similar expenses (including state and federal income taxes, social security contributions and unemployment taxes) including FUTA and the employer's share of FICA and Medicare taxes as required by law with respect to settlement payments to members of the Plaintiff Class. The members of the Plaintiff Class will be responsible for their own tax obligations.

Defendant's sole monetary obligations to the Plaintiff Class under this Agreement shall be the Net Distribution Amount (which shall be paid on a pro rata basis as set forth in Section 9) and the employer-paid withholding and payroll taxes and similar expenses referred to above.

b.    Incentive Awards

Class Counsel will file an application for approval of an incentive award in an amount not to exceed Seven Thousand Dollars ($7,000.00) to the Plaintiff. This award is in addition to the Class Representative's Individual Settlement Award. Defendant agrees not to object to such application. In addition, Defendant agrees to pay the Plaintiff an additional amount of Fifty Thousand Dollars ($50,000.00) for the execution of a general release, which release shall release claims in excess of the Release to be provided by the Plaintiff Class as set forth in Section 17. Defendant agrees that the incentive award (to the extent approved by the Court) and the amount to be paid to Plaintiff as consideration for the general release shall together not exceed Fifty Seven Thousand Dollars ($57,000.00), which amount shall be in addition to the Net Distribution Amount (and thus shall not impact the Net Distribution Amount). To the extent the amount awarded to the Class Representative as an incentive payment and/or in consideration for a general release together exceed $57,000.00, any excess over $57,000.00 shall be paid from the Net Distribution Amount.

6

Defendant agrees not to object to the payment of an incentive award of One Thousand Dollars ($1,000.00) each to the following individuals (Robert Seguinot, Melissa Colette Murphy, Freida Kelley, Carly Sarah Bolton and Denise Giambrone), who either traveled for depositions in the Lawsuit or provided unique services during the Lawsuit. Any such incentive award shall be subject to Court approval, shall be paid from the Net Distribution Amount, and shall be in addition to their Individual Settlement Awards.

c.    Costs of Administration

Defendants shall reimburse Class Counsel up to Seventy Five Thousand Dollars ($75,000.00) for the costs of administration, which amount shall not be deducted from the Net Distribution Amount. Any costs of administration in excess of Seventy Five Thousand Dollars ($75,000.00) shall be deducted from the Net Distribution Amount.

d.    Attorneys' Fees and Costs

Defendant understands that Class Counsel will file an application for an award of attorneys' fees, which application shall ask the Court to reimburse Class Counsel for attorneys' fees up to One Third (1/3) of the Maximum Settlement Amount, which amount is equal to Three Million One Hundred and Sixty Six Thousand Six Hundred and Sixty Seven Dollars ($3,166,667.00). The Parties understand that the fees are to be awarded at the discretion of the Court.

Defendant agrees not to object to an application seeking attorneys' fees up to the limits set forth in this Section 6(d). Any such attorneys' fees shall be approved by the Court. Defendant shall pay the amount of fees awarded up to the limit set forth in this Section, and any amount of fees not awarded by the Court shall be retained by Defendant. The amount of attorneys' fees awarded by the Court shall not impact the Net Distribution Amount (that is, shall not impact the settlement proceeds to be awarded to the Settlement Class Members). Defendant may unilaterally withdraw from this Agreement if Plaintiffs' Counsel seeks attorneys' fees and the reimbursement of costs and expenses in an amount in excess of that set forth in this Section 6(d), or if any of the conditions set forth in this Section 6(d) are not accepted by the Court. In the event that this settlement does not receive final approval from the Court (or if a final approval order is reversed on appeal), no party shall use the foregoing provisions or the award of attorneys' fees, costs and expenses for any purpose whatsoever in the Lawsuit or in any other action so proceeding. The amount of fees awarded by the Court shall not diminish in any way the Net Distribution Amount or affect the payments to the Settlement Class Members.

In addition to the application for fees, Class Counsel shall apply for reimbursement of costs of litigation of up to One Hundred Thousand Dollars ($100,000.00), which amount shall be awarded at the discretion of the Court, and which amount shall be deducted from the Net Distribution Amount before the calculation of each Plaintiff Class member's pro rata share of the Net Distribution



Amount. Defendant shall not object to an application by Class Counsel for the reimbursement of costs up to the amount set forth in this Section.

7.    FILING OF MOTION FOR APPROVAL

As part of the Motion for Approval, the Parties shall request the Court as part of the final judgment to certify the FLSA collective action, as defined and described in Section 3 above, only for purposes of settling the Lawsuit. Defendant does not consent to, and does not advocate for, but shall not oppose for settlement purposes only, the certification of a collective action under Section 216(b) of the FLSA. In the event that this settlement is not finalized, does not receive final approval from the Court, or if a final approval order is reversed on appeal, no party shall use the foregoing provision or the certification of a collective action for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

8.    NOTICE OF SETTLEMENT AND CLAIM FORM; TIME TO SUBMIT CLAIMS

      a.    Form of Notice

The Parties shall submit to the Court for approval a Notice to the Plaintiff Class (the "Notice") in the form attached to this Agreement as Exhibit "A."

      b.    Consent Form

The Consent Form to be provided to each as part of the Notice Package (as defined below) shall be in the form attached to this Agreement as Exhibit "B."

      c.    Initial Mailing

Within twenty-one (21) days of execution of this Agreement, Defendant will provide supplemental Class Members' information to Class Counsel. Within fourteen (14) days of an Order Approving this Agreement, Class Counsel (or its designee) shall provide Members of the Plaintiff Class who have not already opted-in the Court-approved Notice as described in Section 8(a) above, subject to the limitation set forth in this paragraph. Each Notice shall be accompanied by the Consent Form approved by the Court, in substantially the same form as Exhibit "B" to this Agreement. (Exhibits A and B shall be collectively referred to as the "Notice Package.") The Notice Package shall be mailed only to those members of the Plaintiff Class who have not already filed consents to join this Lawsuit.

Class Counsel (or its designee) shall send the Notice Package to all members of the Plaintiff Class, subject to the limitation set forth in the immediate prior paragraph, via first class United States Mail. Before the first mailing, Class Counsel (or its designee) will perform a National Change of Address ("NCOA") search, and will perform one skip trace as to any Notices (and accompanying documents) that are returned by the post office for invalid addresses within five (5) days of receipt of such returned Notice. Those Members of the Plaintiff Class who receive Notice pursuant to one skip trace shall be



informed (via an insert in the Notice) that his or her time to submit a Claim Form to Class Counsel (or its designee) shall be the longer of (i) fourteen (14) days from the date Notice is mailed to the updated address, or (ii) the Submission Date.   Upon Request, Class Counsel shall provide Defendant's Counsel with the identity of all members of the Plaintiff Class who were sent Notice as a result of the skip trace and whose Notice was again returned.

     d.    <u>Follow-up Notice</u>

The Parties may provide or submit additional notice to the Plaintiff Class only if they mutually agree in writing.

     e.    <u>Time for Submission of Consent Form</u>

     i.    To be considered timely, a Consent Form must be submitted to Class Counsel (or its designee) and post-marked on or before thirty (30) days from the date of mailing (the "<u>Submission Date</u>").

     ii.    Those members of the Plaintiff Class who receive Notice pursuant to the one skip trace shall have until the longer of (i) fourteen (14) days from the date Notice is mailed to the updated address or (ii) the Submission Date to submit a Consent Form, whichever is later.

     iii.    The submission of a Consent Form will be deemed completed on the earlier of the date of receipt by Class Counsel (or its designee) or the postmark date on the envelope containing the Consent Form.

     iv.    The term <u>Settlement Class Member</u> shall be defined as all members of the Plaintiff Class who submit a timely and properly completed Consent Form and all other members of the Plaintiff Class who have already submitted consents to join the Lawsuit and remain part of the Lawsuit.

     f.    <u>Filing of Consent Forms</u>

Within three (3) days after the Submission Date or after the latest date for any Plaintiff Class Member to submit a Consent Form after a skip trace, whichever is later, Class Counsel shall file with the Clerk of the Court all Consent Forms received timely. Class Counsel shall advise Defendant's counsel upon request of the number of Consent Forms received.

     g.    <u>Designee</u>

All acts required to be performed by Class Counsel in this Section may be performed by a third party designated by Class Counsel.



9.    PAYMENT TO MEMBERS OF THE PLAINTIFF CLASS AND CLAIMS PROCEDURE

    a.    Individual Settlement Awards

Class Counsel (or its designee) shall compute the amount of individual settlement awards from the net settlement fund described in Section 6(a) above to be distributed to the Settlement Class Members as follows:  Class Counsel shall multiply the amount of Two Thousand One Hundred and Eleven Dollars ($2,111.00) times the number of Settlement Class Members, and shall deduct from this total: (i) the Court-approved incentive awards and other payments to the Class Representative (except as otherwise excluded from the Net Distribution Amount by Section 6(b)); (ii) all costs and expenses of administration in connection with the settlement and claims administration (except as otherwise excluded from the Net Distribution Amount by Section 6 (c)); and the costs of litigation approved by the Court as set forth in Section 6(d).  For purposes of this Agreement, the Parties label this result as the "Final Distribution Total."

Each Settlement Class Member's "Individual Settlement Award" shall equal his or her proportionate share of the Final Distribution Total as determined by a method to be determined by Class Counsel and approved by Defendant.  For purposes of illustration, the Individual Settlement Awards may be determined by the compensation earned by each individual Settlement Class Member during the Class Period divided by the total compensation paid to all Settlement Class Members during the Class Period, where the compensation is determined based on the amounts reported on the Class Members' W-2 forms.

        *Example*:  If the total compensation paid to the Settlement Class members during the Class Period were $100,000 (as determined by W-2 data), a Settlement Class Member who earned $1,000 during the Class Period (as reported on his or her W-2 form) would receive one percent (1%) ($1,000 divided by $100,000) of the Final Distribution Total.

Alternatively, the Individual Settlement Awards may be determined by providing each Class Member a flat amount based on his/her pro rata share of the total workweeks in the Class Period (that is, the individual Class Member's total weeks worked divided by the total gross weeks of the Settlement Class Members).  The Individual Settlement Awards will be allocated as alleged unpaid wages, which will be reported to the IRS on Form W-2.  Class Counsel (or its designee) will pay out all claims submitted by Settlement Class Members, out of a qualified settlement fund, on a confidential basis and issue IRS tax forms.

    b.    Claimed Settlement Amounts; Unclaimed Amounts

The total Individual Settlement Awards claimed by Settlement Class Members shall be the "Claimed Settlement Amount."  If each and every member of the Plaintiff Class is a Settlement Class Member, then the Claimed Settlement Amount shall equal the

Net Distribution Amount minus the deductions set forth in Section 9(a). The Final Distribution Total will not exceed the Net Distribution Amount.

Any member of the Plaintiff Class who does not become a Settlement Class Member shall not receive any Individual Settlement Award or any Claimed Settlement Amount. Any portion of the Net Distribution Amount that is not distributed to the Plaintiff Class shall be retained by Defendant.

c.    Tax Liability and Net Payments

The payment by Defendant pursuant to this Agreement is for alleged failure to pay compensation due, interest on said sum, and all other claims as set forth in the Lawsuit. In accordance with both State and Federal tax laws, Defendant shall withhold such sums from each Settlement Class Member's Individual Settlement Award as is required in order to comply with the same. Portions of any Individual Settlement Award not subject to withholding, if any, will be issued with a 1099 form. After appropriate tax withholding, the net payment to be received by each Settlement Class Member shall be designated as the "Net Payment," and said sum shall be paid as provided in this Agreement.   Defendants shall report the taxes withheld from the wages of each Settlement Class Member as required by law via a W-2 form, and shall immediately pay over all such withheld funds, plus the employer's contribution, to the appropriate State and Federal taxing authorities. Defendants shall provide each Settlement Class Member with appropriate documentation setting forth the amount of any tax or other payment withheld, and employer contribution made, in accordance with State and Federal tax requirements. In addition, Defendants shall provide such information to Class Counsel. Settlement Class Members shall be responsible for remitting to State and/or Federal taxing authorities any applicable other taxes due and shall hold Defendants harmless and indemnify them for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any such taxing authority which result from the Settlement Class Members' failure to remit taxes due on payments made to the Settlement Class Members pursuant to this Agreement.

d.    Payment of Settlement Funds Will Have No Effect on Benefit Plans

The payment to any member of the Plaintiff Class as provided for in this Agreement is not and shall not be deemed by Defendant to constitute an addition to, a modification of, or a change in any previously credited hours of service, compensation and/or wages under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans. Any such payment to any member of the Plaintiff Class shall not be considered by Defendant to form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans.   Defendant and each of its present and former parent corporations and affiliates retain the right to modify and/or amend the language of their employee benefit plans, employment policies, and stock option plans, and to seek to

11

SHP

have modified and/or amended the language of any jointly trusteed benefit plans, to make clear that any amounts paid as a result of this Agreement are not considered by Defendant as compensation or wages, or payments for "hours worked," as defined by the applicable plans and policies, and that no additional contributions or benefits will be provided by Defendant by reason of the settlement. Plaintiff takes no position on the issues in this section.

     e.    <u>Applicability of Laws Dealing with Residuals</u>

The parties agree that this settlement is not subject to any state or federal law mandating the distribution of unpaid residuals, including without limitation Section 384 of the California Code of Civil Procedure.

     f.    <u>Retention by Defendant of Unpaid Amounts</u>

Defendant shall fund the settlement only up to the extent necessary to cover all claims, fees, costs and awards, and Defendants shall retain any portion of the Maximum Settlement Amount not paid out as attorneys' fees, expenses and costs; incentive fees; or Individual Settlement Awards. Similarly, Defendant is only required to pay Class Counsel's fees up to the amount awarded by the Court to the limit set forth in Section 6(d), and shall retain any portion of the fees and costs requested by Class Counsel that is not awarded by the Court.

## 10.   <u>ADMINISTRATION OF MAXIMUM SETTLEMENT AMOUNT</u>

Class Counsel (or its designee) will calculate the Net Payments to be made to the Settlement Class Members from the Net Distribution Amount in accordance with the terms and provisions of this Agreement. The fees, costs, and expenses incurred in connection with said verification and/or performance shall be considered settlement administration expenses and shall be paid in the manner set forth in Section 6(c). All of the fees, costs and expenses incurred in connection with printing, issuing and/or mailing settlement payments shall be considered settlement administration expenses and shall be paid in the manner set forth in Section 6(c).

No person shall have any claim against Defendants, Defendants' counsel, Plaintiff, the Plaintiff Class, Class Counsel, or any third party designated to aid in the process of administration, based on distributions and payments made in accordance with this Agreement.

## 11.   <u>COURT'S APPROVAL</u>

The Parties shall seek approval of this settlement by the Court for entry of an Approval Order in substantially the same form as Exhibit "C" attached to this Agreement. As part of the approval process, the Court shall be asked to approve, among other matters, that the terms of the settlement are fair, reasonable and adequate; the Notice and the method of providing notice; the Consent Form; and the procedure for the calculation of settlement distributions.

12.   MOTION FOR ATTORNEYS' FEES

Class Counsel shall file a motion seeking approval of its fees and costs in the manner and subject to the limitations set forth in Section 6(d) above.

13.   [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

After the expiration of the Notice deadline as set forth in Section 8, the Court shall be requested to issue a [Proposed] Final Approval Order and Final Judgment ("Proposed Final Judgment") in substantially the same form as Exhibits "D" and "E" attached to this Agreement, respectively, which shall, *inter alia*:

a.   Confirm that the settlement is fair, reasonable, adequate, in good faith and in the best interests of the Plaintiff Class, as a whole, and order the Parties to carry out the provisions of this Agreement.

b.   Dismiss with prejudice all actions, complaints and claims and any lawsuit as against Defendant and/or the Released Parties (as that term is defined in Section 17 below), including the Lawsuit, arising out of or related to any of the actions or events complained of in the Lawsuit.

c.   Adjudge that all Settlement Class Members are conclusively deemed to have released Defendant and the Released Parties of and from any and all rights, claims, demands, liabilities, causes of action, liens and judgments arising out of or in any way related to the matters set forth, or that could have been set forth, in the Lawsuit in relation to the alleged claims relating to the release of the Plaintiff Class.

d.   Bar and permanently enjoin each Settlement Class Member from prosecuting against Defendant and the Released Parties any and all of the settled and released claims which the Settlement Class Members or any of them had, have or may have in the future, arising out of, based upon, or otherwise related to any of the settled and Released Claims (as defined in Section 17 below), or any of the allegations asserted in the Lawsuit.

e.   Reserve continuing jurisdiction as provided herein above.

14.   APPROVAL AND ADOPTION OF [PROPOSED] FINAL JUDGMENT BY COURT AND FINAL JUDGMENT

Only if additionally required by the Court and not otherwise approved by the Court as part of the Motion to Approve this Agreement, Plaintiff shall seek final approval and adoption of this settlement from the Court for entry of the [Proposed] Final Judgment and the Final Approval Order, as well as an Attorneys' Fee Order and Incentive Award Order.

13

15.    PAYMENT OF SETTLEMENT PROCEEDS

    a.    Timing of Payments to Settlement Class Members

Net payments to Settlement Class Members (including any Court-approved incentive awards) shall be made no later than ten (10) business days after the date on which the time to challenge any aspect of this settlement by appeal has lapsed, provided that no such appeal has been filed (regardless of whether any objections to the settlement were made). If any such appeal is filed, Net Payments to Settlement Class Members shall be made no later than (10) business days after a final resolution of all appeals that result in the upholding of the parties' settlement. The date defined and determined by this Section shall be called the "Effective Date."

    b.    Timing of Payments to Class Counsel

Payments shall be made to Class Counsel for Court-approved attorneys' fees, costs and expenses no later than ten (10) business days after the date on which the time to challenge any aspect of this settlement by appeal has lapsed, provided that no such appeal has been filed (regardless of whether any objections to the settlement were made). If any such appeal is filed, then all payments to Class Counsel shall be made no later than ten (10) business days after a final resolution of all appeals that result in the upholding of the parties' settlement.

    c.    Method of Payment

Class Counsel (or its designee) shall make all payments to the Settlement Class Members, which shall include making the appropriate payroll deductions, reporting obligations and issuing the Individual Settlement Awards. The expiration date on the settlement checks will be ninety (90) days from the date the settlement checks are issued. Any uncashed checks will be returned to Defendant.

16.    COSTS

The named Defendants shall bear their own costs, expenses, and attorneys' fees incurred in connection with or arising out of the Lawsuit. The Plaintiff Class' attorneys' fees and costs, as approved by the Court, shall be paid from the Maximum Settlement Amount in the manner and subject to the conditions set forth in this Agreement.

17.    RELEASE BY ALL SETTLEMENT CLASS MEMBERS

As of the Effective Date, all Settlement Class Members and Plaintiff release Defendant and all the other entities named as Defendants in the Lawsuit (Lowe's Home Centers, Inc.; Lowe's HIW, Inc.; Lowe's Companies, Inc.; and the Administrative Committee of Lowe's Corporation, Inc.) and each of their respective past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their

respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendants (the "Released Parties") from the "Released Claims," as defined below.

    a.    <u>Released Claims by all Approved Claimants</u>

    For purposes of this Agreement, the "Released Claims" are defined as: All claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, that were asserted in the Lawsuit or that relate in any way to the classification of HRMs as exempt employees, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, or that arise under any state wage and hour laws, the FLSA, 29 U.S.C. § 201, *et seq.* (except as otherwise stated in subparagraph (b) immediately below), and/or ERISA, 29 U.S.C. § 1001 *et seq.* (except as limited immediately below), whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest, or attorneys' fees arising out of the claims at issue, including:  the causes of action asserted in the Lawsuit relating to the alleged misclassification of HRMs, such as the alleged failure to pay overtime compensation, failure to make contributions under ERISA, as well as any claim (whether asserted or unasserted) for failure to keep accurate records, failure to provide accurate wage statements, late payment of wages during or upon termination of employment, and waiting time penalties, which causes of action include, but are not limited to, allegations that members of the Plaintiff Class were not paid all earned wages, including "straight time" wages, overtime compensation, meal and rest period premiums, and were not timely paid all wages, and were not paid all wages owing upon termination of employment during the Class Period.  The release of claims under ERISA is limited to claims that arise from or are directly related to the alleged misclassification of HRMs as exempt employees, including claims for failure to make contributions to a 401(k) plan based on overtime that (allegedly) should have been paid, failure to keep records of such overtime, and breach of fiduciary duties based in any way on the misclassification of HRMs as exempt employees.

    b.    <u>California Civil Code Section 1542 Waiver</u>

    With respect to the Released Claims (as defined in Paragraph 19(a) above), the members of the California sub-class and all members of the Plaintiff Class who stipulate and agree that, upon the Effective Date, the members of the Plaintiff Class shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.  Section 1542 provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR.

c.     Waiver of rights

i.     The Parties hereto, including all Settlement Class Members,
stipulate and agree that the consideration paid to the Settlement Class Members
pursuant to this Agreement compensates the Settlement Class Members for all wages,
including wages not timely paid, and reimbursements due to them, all penalties, all
liability related to itemized wage statements and any compensation to which they may
be entitled to as a result of the alleged violations of any state law or regulation, and any
related penalties, including any waiting time penalties.

ii.     By granting preliminary and final approval of the settlement, the
Court will have reviewed this Agreement and concluded that the Plaintiff Class has been
adequately compensated for all violations alleged in the Lawsuit and to which they
otherwise may be entitled.

18.     NO ADMISSION BY THE PARTIES

Defendant and the Released Parties deny any and all claims alleged in the
Lawsuit and deny all wrongdoing whatsoever.  Defendant continues to assert, *inter alia*,
that the members of the Plaintiff Class have been properly classified as exempt
employees, timely paid all wages owing in accordance with the law, and provided
adequate itemized wage statements.  This Agreement is neither a concession nor an
admission, and shall not be used against Defendant or any of the Released Parties as an
admission or indication with respect to any claim of any fault, concession, or omission
by Defendant or any of the Released Parties.  Whether or not the settlement is finally
approved, neither the settlement, nor any document, statement, proceeding, or conduct
related to this Agreement, nor any reports or accounts thereof, shall in any event be:

a.     construed as, offered or admitted in evidence as, received as, or deemed to
be evidence for any purpose adverse to the Released Parties, including, but not limited
to, evidence of a presumption, concession, indication, or admission by any of the
Released Parties of any liability, fault, wrongdoing, omission, concession, or damage; or

b.     disclosed, referred to or offered or received in evidence against any of the
Released Parties in any further proceeding in the Lawsuit, or any other civil, criminal, or
administrative action or proceeding, except for purposes of settling the Lawsuit
pursuant to this Agreement.

SHD

19.  CONFIDENTIALITY

a.    Plaintiff, Defendant, Class Counsel, and Defendant's counsel shall not (i) initiate or cause the initiation of any communications concerning the settlement with any media organization and/or (ii) respond to or cause a response to be made to any communications concerning the settlement with any media organization.  As used in this Section, "media organization" shall include, without limitation, print, broadcast, television, satellite and internet media.

b.    The Parties agree that if they are contacted by a media organization then they will only state that this matter has settled.

c.    Class Counsel will take all steps necessary to ensure that the Class Representative is aware of, and will adhere to, the restriction against any media comment on the settlement and its terms.

d.    No Party will discourage or encourage members of the Plaintiff Class from filing Consent Forms, except as the Parties otherwise agree in writing.  Nothing in this Section is meant to preclude a Party's counsel from providing legal advice to a client.

e.    The Class Representative agrees to execute a separate settlement agreement, and will agree not to seek re-employment with any Defendant or any of their affiliates, and to a mutual release of all claims.

20.  NULLIFICATION OF AGREEMENT

In the event:  (i) the Court does not enter the Approval Order specified herein in substantially the same form as Exhibit "C" attached hereto; (ii) the Court does not finally approve the settlement as provided herein, including without limitation the releases in the same form and scope as set forth in Section 17; (iii) the Court does not issue a [Proposed] Final Judgment (as provided herein and in substantially the same form as Exhibit "E" attached hereto) which becomes final and not subject to any appeals; or (iv) the settlement does not become final for any other reason, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this settlement shall be treated as void *ab initio*.  In such event, the Parties and any funds to be awarded under this settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the parties shall proceed in all respects as if this Agreement had not been executed; however, in this event, Defendant agrees to separately pay for the reasonable costs already incurred by Class Counsel for administration.  The failure of the Court to award Class Counsel the amount of attorneys' fees and costs for which Class Counsel applies will not be a reason to nullify this Agreement.

21.  RETURN OF DOCUMENTS AND INFORMATION

The Plaintiff, Plaintiff Class and Plaintiff's Counsel agree that none of the documents and information provided to them by the named Defendants shall be used

for any purpose other than prosecution of the Lawsuit.  No later than ten (10) days after Plaintiff's Counsel/Class Counsel receives any Court-approved award of attorneys' fees, the Plaintiff and Plaintiff's Counsel/Class Counsel shall destroy or return to Defendant's counsel the original and all copies of any documents designated as "confidential" that Defendants produced or provided to Plaintiff, Plaintiff's Counsel and Class Counsel during the Lawsuit.  Should Plaintiff's Counsel/Class Counsel elect to destroy documents designated as "confidential," Plaintiff's Counsel/Class Counsel shall certify under penalty of perjury that such documents have been destroyed.

22.    <u>REPRESENTATIONS AND WARRANTIES</u>

Each party to this Agreement represents and warrants that he, she or it has not heretofore assigned or transferred, or purported to assign or transfer, any of the claims released pursuant to this Agreement to any other person and that he, she, or it is fully entitled to compromise and settle same.

23.    <u>APPLICABLE LAW</u>

All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties hereto shall be governed by the laws of the State of Florida applicable to agreements to be wholly performed within the State of Florida.

24.    <u>OWN COUNSEL</u>

Each party hereto acknowledges that he, she, or it has been represented by counsel of his, her or its own choice throughout all of the negotiations that preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement.

25.    <u>FURTHER ACTS AND DOCUMENTS</u>

The parties hereto agree to do such acts and execute all such documents necessary to effectuate the intent of this Agreement.

26.    <u>COUNTERPARTS</u>

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and will be effective upon execution by all parties.  Facsimile signatures shall be deemed original signatures for all purposes.

27.    <u>HEADINGS</u>

The headings contained in this Agreement are for reference only and are not to be construed in any way as a part of the Agreement.

SWD

28.    ENTIRE AGREEMENT

This Agreement represents the entire agreement between the Parties hereto with respect to the subject matter hereof and supersedes all prior oral and written agreements and discussions. Each of the parties covenants that he, she, or it has not entered into this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein. Each party further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person. This Agreement may be amended only by an agreement in writing duly executed by all Parties hereto.

29.    BINDING EFFECT

This Agreement shall be binding upon and inure to the benefit of the parties hereto and to their respective heirs, assigns and successors-in-interest.

30.    DRAFTING

Each party hereto has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party as drafter of this Agreement.

31.    SEVERABILITY

In the event any covenant or other provision herein is held to be invalid, void, or illegal, the same shall be deemed severed from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision herein. If any covenant, condition, or other provision herein is held to be invalid due to its scope or breadth, such covenant, condition, or other provision shall be deemed valid to the extent of the scope or breadth permitted by law. Notwithstanding the foregoing, the release set forth in Section 17 in this Agreement is an essential part of the Parties' agreement. If such release is not valid or is modified in any way, Defendant has no obligation under this Agreement.

32.    INCORPORATION OF EXHIBITS

All exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement. Any notice, order, judgment, or other exhibit that requires approval of the Court must be approved without material alteration.

SHD

33.   AUTHORITY

Each party hereto warrants and represents that each of the persons or entities executing this Agreement is duly empowered and authorized to do so.

34.   WAIVER OF RIGHT TO OBJECT

Plaintiff agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated and further agrees to remain a part of the Plaintiff Class and agrees not to object to any of the terms of this Agreement.  Non-compliance with this Section shall be void and of no force or effect.

35.   DISPUTE RESOLUTION

The Court shall have continuing jurisdiction to resolve any dispute that may arise with regard to the terms and conditions of this Agreement as set forth herein.

36.   NOTICE

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement (other than the Consent Form) shall be in writing and shall be delivered personally, telecopied, or mailed postage pre-paid by first class mail to the following persons at their addresses set forth as follows:

Plaintiff's Counsel/Class Counsel:

Mitchell Feldman, Esq.
FELDMAN MORGADO P.A.
501 North Reo Street
Tampa, Florida 33609


Defendants' Counsel:

Juan C. Enjamio, Esq.
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500,
Miami, Florida 33131

20

SHD

WHEREFORE, Plaintiff, on their own behalf and on behalf of the Plaintiff Class, and Defendants, by their duly authorized agent, have executed this Agreement as of the dates set forth below.

**Lizeth Lytle**

_____

Dated: ___08 - 13 - 2014___

**Lowe's Home Centers, LLC**

Dated: ___8/18/14_____         By: _____

Scott M. Purvis
VP, Human Resources

21