```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

LIZETH LYTLE, individually
and on behalf of all others
similarly situated who consent
to their inclusion in a
collective action,

       Plaintiff,
v.                                 Case No. 8:12-cv-1848-T-33TBM

LOWE'S HOME CENTERS, INC.,
ET AL.,

       Defendants.
_____/

## **ORDER**

This cause comes before the Court in consideration of the parties' Second Joint Motion for Order Approving Collective Action Settlement and For Dismissal with Prejudice (Doc. # 449), filed on September 5, 2014. For the reasons stated below, the Court denies the Motion without prejudice.

**I.  Background**

On August 15, 2012, Plaintiff Lizeth Lytle filed a collective action complaint for unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs and other compensation pursuant to the Fair Labor Standards Act (FLSA) (Doc. # 1), and filed an Amended Complaint (Doc. # 76) on April 15, 2013. Plaintiff

filed a Second Amended Complaint on July 5, 2013, adding claims under the Employee Retirement Income Security Act (ERISA). (Doc. # 186). Thereafter, on January 31, 2014, following the Court's Order granting Plaintiff's Motion to Add Party Defendant to ERISA Claims (Doc. # 342), Plaintiff filed her Third Amended Complaint reasserting the same FLSA and ERISA claims she pled in her Second Amended Complaint (Doc. # 350).

On July 26, 2013, Plaintiff sought conditional certification of this case as a nationwide collective action pursuant to 29 U.S.C. § 216(b), consisting of:

> All Human Resources Managers or other Human Resources store employees with other titles, who are or were employed with [Defendants][1], within the past three years preceding this lawsuit to the day of trial, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section 216(b) who have worked in excess of forty (40) hours per week and were not paid overtime wages.

(Doc. # 205 at ¶ 11). On January 10, 2014, this Court conditionally certified a nationwide FLSA collective action. (Doc. # 340). Thereafter, on January 31, 2014, this Court granted the parties' Joint Motion for Approval of Notice and

---

[1] The named Defendants in this action are Lowe's Home Centers, Inc.; Lowe's HIW, Inc.; Lowe's Companies, Inc.; and Administrative Committee of Lowe's Corporation, Inc.

2

adopted the parties' proposed class notice and methods of dissemination. (Doc. # 349).

On April 29, 2014, this Court granted Defendants' Motion to Dismiss (Doc. # 362) to the extent that Plaintiff's ERISA counts – Counts II through IV - were dismissed without prejudice (Doc. # 408). The only remaining count – Count I – is Plaintiff's FLSA claim. On August 12, 2014, the parties filed a Notice of Settlement (Doc. # 444), and the parties filed a Joint Motion for Order Approving Settlement of a Collective Action, Authorizing Notice of Settlement to the Putative Class and For Entry of Judgment (Doc. # 446) and a Motion for Approval of Common Fund Attorney's Fees and Costs (Doc. # 447) on August 22, 2014.

The Court subsequently denied both Motions without prejudice stating:

> The notice period in this collective action ended in May of 2014, and at this juncture, roughly 880 opt-in Plaintiffs have filed consent notices with the Court to participate as Class Members. However, according to the terms of the proposed Settlement Agreement, once this Court approves the Settlement Agreement, if at all, the parties will re-open the notice period.
>
> * * *
>
> According to the parties, if this Court is to approve the Settlement Agreement and allow for an

> additional notice period, there is a possibility of at least 2,834 Class Members. The Court notes, however, that the notice period ended in May of 2014, and neither party sought relief from this Court to extend the deadline. Furthermore, in the motion for approval of the Settlement Agreement, the parties failed to provide any legal authority illustrating why, *under the present circumstances*, this Court should allow the parties to re-open the notice period so that additional Class Members may opt-in to participate in the common fund.
>
> Therefore, the Court declines to grant the present Motions, as written. The parties are directed to confer and re-draft the terms of the proposed Settlement Agreement to account only for the roughly 880 Class Members who timely filed opt-in notices to join the Class.

(See Doc. # 448)(internal citations omitted).

On September 5, 2014, the parties filed the present Motion. (See Doc. # 449). As an initial matter, the Court would like to address the parties' misguided interpretation of this Court's previous Order. In the present Motion, the parties suggest: "The Court declined to permit a second notice and instructed the Parties to redraft the Settlement Agreement to account only for the roughly 891 Class Members who timely submitted opt-in notices to join the Class." (Id. at 4). However, this Court did not "decline[] to permit a second notice," instead, it stated:

> The Court notes, however, that the notice period ended in May of 2014, and neither party sought relief from this Court to extend the deadline. Furthermore, in the motion for approval of the Settlement Agreement, the parties failed to provide any legal authority illustrating why, *under the present circumstances*, this Court should allow the parties to re-open the notice period so that additional Class Members may opt-in to participate in the common fund.
>
> The parties are directed to confer and re-draft the terms of the proposed Settlement Agreement to account only for the roughly 880 Class Members who timely filed opt-in notices to join the Class.

(Doc. # 448). The parties failed to seek an extension of the notice period or to file an appropriate motion requesting that the notice period be re-opened to allow for additional class members to opt-in to the Class. Instead, the parties sought approval of a Settlement Agreement, which would allow individuals the opportunity to join the Class after missing the deadline previously imposed. Thus, for clarification, this Court did not decline to permit a second notice; the parties failed to seek the necessary relief from this Court at the appropriate time.

Turning to the proposed Settlement Agreement, the settlement terms provide that Defendants will pay a total of approximately $3,407,650.00 in settlement of this lawsuit. (Doc. # 449 at 4). $1,915,650.00 (Net Distribution Amount), will be used to compensate the 891 plaintiffs who joined the

lawsuit. (Id.). If approved by the Court, the Net Distribution Amount will also reimburse Class Counsel's litigation costs (up to a maximum of $68,000.00) and provide incentive payments of $4,000.00. (Id.).

> The Net Distribution Amount was derived, after extensive negotiations, by agreeing to an average payment per opt-in Plaintiff of over $2,000.00, and is the product of multiplying $2,150.00 times the number of opt-in plaintiffs (891). . . [T]his amount represents over 20% of the likely recovery by Plaintiffs, and is a fair compromise after assessing the likelihood of success on the merits, the probability of decertification, and the delay before final resolution (including all likely appeals).

(Id. at 4-5).

The parties explain that an average HRM, who works 50 hours per week, would average $5,000 of overtime compensation annually. (Id. at 13). For two years, the average overtime compensation of a HRM who worked ten hours of overtime weekly would total approximately $10,000. (Id.). "Given the probability of success, the possibility of the Class being decertified, and the extreme unlikelihood of a finding of willfulness or of lack of good faith, the [p]arties' counsel believe, in their professional opinion and after two years of extensive litigation, that a settlement of **approximately 20%**

of the realistic damages is a fair and justified compromise." (Id.)(emphasis added).

The parties provide case law illustrating that "Courts have approved similar and less favorable settlements of overtime claims in multiple jurisdictions." See, e.g., Nen Thio v. Genji, LLC, No. 12-CV-05756 NC, 2014 WL 3884289, at *9 (N.D. Cal. Aug. 7, 2014) ("Plaintiffs estimate that, if all of the members of this class opt in, each individual would receive an average gross FLSA recovery of approximately $650 each."); Beckman v. Keybank, N.A., 293 F.R.D. 467 (S.D.N.Y. 2013) (approving a settlement of a hybrid FLSA and Rule 23 class action that provided approximately $1,830 per plaintiff); Pierce v. Rosetta Stone, Ltd., No. C 11-01283, 2013 WL 5402120 (N.D. Cal. Sept. 26, 2013) (approving settlement of a misclassification case that resulted in an average recovery for FLSA class members of $1,778.57); In re Am. Family Mut. Ins. Co. Overtime Pay Lit., No. 06-cv-17430, 2010 WL 9593848 (D. Colo. Oct. 6, 2010) (settlement providing average award of approximately $1,250 per collective action member), approved at 2010 WL 9593857; Quintanilla v. A & R Demolition Inc., No. CIV.A. H-04-1965, 2008 WL 9410399, at *4 (S.D. Tex. May 7, 2008)(approving a settlement of an overtime FLSA claim for approximately $2,100 per plaintiff); Camp v.

Progressive Corp., No. CIV.A. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004) (approving settlement where approximately 3,349 class members would be paid from the $1,686,370.90 Post-Training Fund an amount based on their actual weeks worked, within the applicable statute of limitations, with an average of $503 each).

However, irrespective of the cited authority, as Plaintiff alleges that Defendants violated the terms of the FLSA, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). According to Lynn's Food Stores, Inc., in considering settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." Id. at 1355. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353. If such a settlement reflects "a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

Upon review of the parties' proposed Settlement Agreement, the Court finds that the terms are not fair and reasonable. Instead, when the Net Distribution is divided amongst the 891 opt-in plaintiffs, the amount each opt-in plaintiff is to receive will only compensate them for roughly 20% of their alleged damages; roughly $2,150.00 per person. The Court finds this amount of recovery to be inadequate.

Likewise, even if this Court were to allocate the entire settlement amount - $3,407,650.00 - to the 891 opt-in plaintiffs, each plaintiff would receive roughly $3,824.00. This recovery amount is still insufficient to adequately compensate each opt-in plaintiff for his or her alleged damages. Especially as the parties admit that "an average HRM, who works 50 hours per week, would average $5,000 of overtime compensation annually . . . For two years, the average overtime compensation of a HRM who worked ten hours of overtime weekly would be approximately $10,000." (Doc. # 449 at 13).

Furthermore, according to the Motion, Class counsel anticipates filing an application for an award of attorneys' fees up to the lodestar total of $1,462,000, plus litigation costs. (Id. at 7-8). As there is no pending application for attorneys' fees before the Court, the Court declines to

address the reasonableness of the fees.  However, the Court finds it troubling that Class counsel is seeking roughly 43% of the settlement amount, when the proposed Settlement Agreement only provides for each opt-in plaintiff to receive 20% of his or her damages.

Therefore, for the reasons set forth above, the Court will allow the parties one final opportunity to submit amended motions for the Court's approval of the Settlement Agreement and approval of attorney's fees and costs. The parties should thoughtfully consider the damages sustained by each opt-in plaintiff, and derive a sufficient Settlement Agreement that would adequately compensate each opt-in plaintiff.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The parties' Second Joint Motion for Order Approving Collective Action Settlement and For Dismissal with Prejudice (Doc. # 449) is **DENIED WITHOUT PREJUDICE.**

(2) The parties have one final opportunity - until and including **September 19, 2014 -** to file amended motions for the Court's approval of the Settlement Agreement and approval of attorneys' fees and costs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of September, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record