UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIZETH LYTLE, individually
and on behalf of all others
similarly situated who consent
to their inclusion in a
collective action,

      Plaintiff,

v.                       Case No. 8:12-cv-1848-T-33TBM

LOWE'S HOME CENTERS, INC.,
ET AL.,

      Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of
Plaintiff/Class Counsel's Unopposed Motion for Approval of
Attorneys' Fees and Costs (Doc. # 476), filed on November 12,
2014. For the reasons that follow, the Court grants the
Motion.

## I.  **Background**

On August 15, 2012, Plaintiff Lizeth Lytle filed a
collective action Complaint for unpaid overtime compensation,
liquidated damages, pre-judgment and post-judgment interest,
attorneys' fees, costs and other compensation pursuant to the
Fair Labor Standards Act (FLSA) (Doc. # 1), and filed an
Amended Complaint (Doc. # 76) on April 15, 2013. Plaintiff

filed a Second Amended Complaint on July 5, 2013, adding claims under the Employee Retirement Income Security Act (ERISA). (Doc. # 186). Thereafter, on January 31, 2014, following the Court's Order granting Plaintiff's Motion to Add Party Defendant to ERISA Claims (Doc. # 342), Plaintiff filed her Third Amended Complaint reasserting the same FLSA and ERISA claims she pled in her Second Amended Complaint (Doc. # 350).

On July 26, 2013, Plaintiff sought conditional certification of this case as a nationwide collective action pursuant to 29 U.S.C. § 216(b), consisting of:

> All Human Resources Managers or other Human Resources store employees with other titles, who are or were employed with [Defendants][1], within the past three years preceding this lawsuit to the day of trial, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section 216(b) who have worked in excess of forty (40) hours per week and were not paid overtime wages.

(Doc. # 205 at ¶ 11). On January 10, 2014, this Court conditionally certified a nationwide FLSA collective action. (Doc. # 340). Thereafter, on January 31, 2014, this Court granted the parties' Joint Motion for Approval of Notice and

---

[1]   The named Defendants in this action are Lowe's Home Centers, Inc., Lowe's HIW, Inc., Lowe's Companies, Inc., and Administrative Committee of Lowe's Corporation, Inc.

adopted the parties' proposed class notice and methods of dissemination. (Doc. # 349).

On April 29, 2014, this Court granted Defendants' Motion to Dismiss (Doc. # 362) to the extent that Plaintiff's ERISA counts – Counts II through IV - were dismissed without prejudice (Doc. # 408). The only remaining count – Count I – was Plaintiff's FLSA claim. On August 12, 2014, the parties filed a Notice of Settlement (Doc. # 444).

On October 30, 2014, United States Magistrate Judge Thomas B. McCoun III, entered a Report and Recommendation, in which he recommended that this Court approve the parties' executed settlement agreement. (Doc. # 470). On November 7, 2014, as no objection to the Report and Recommendation was filed, this Court adopted the Report and Recommendation, and as a result, the parties' settlement agreement was approved. (Doc. # 472). Thus, the case was dismissed with prejudice in accordance with the terms set forth in the parties' settlement agreement. (Id.). However, the Court granted Plaintiff's counsel until November 14, 2014, to file any motions for attorneys' fees and costs. (Id.). Thereafter, Plaintiff's counsel filed the present Motion on November 12, 2014. (See Doc. # 476).

## II.  Discussion

In the present action, Plaintiff's counsel requests that
this Court approve an award of attorneys' fees of
**$1,300,000.00** in addition to costs and expenses of litigation
up to **$70,000.00** as referenced in the parties' settlement
agreement. (<u>See</u> <u>Id.</u>). According to Plaintiff's counsel, the
agreed amount of attorneys' fees is below the estimated
lodestar fees incurred by Plaintiff's counsel in the lawsuit
and "constitutes approximately a 26.7% common fund fee of the
gross settlement amount (added fees and net distribution)."
(<u>Id.</u> at 5). Furthermore, Plaintiff's counsel provides that
"the attorneys' fees agreed to be paid by Defendants [were]
separately negotiated and without regard to the amount paid
to the Plaintiff and Class members." (<u>Id.</u>).

### A. **Attorneys' Fees**

This Court is duty-bound to scrutinize the attorneys'
fees requested in this FLSA case as directed by the Eleventh
Circuit in <u>Silva v. Miller</u>, 307 F. App'x 349 (11th Cir. 2009).
There, the court explained:

> FLSA requires judicial review of the
> reasonableness of counsel's legal fees to
> assure both that counsel is compensated
> adequately and that no conflict of interest
> taints the amount the wronged employee
> recovers under a settlement agreement. FLSA
> provides for reasonable attorney's fees; the
> parties cannot contract in derogation of
> FLSA's provisions. To turn a blind eye to an

4

> agreed upon contingency fee in an amount
> greater than the amount determined to be
> reasonable after judicial scrutiny runs
> counter to FLSA's provisions for compensating
> the wronged employee.

Id. at 352.

The Court is afforded broad discretion in addressing attorneys' fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

Attorneys in class litigation are entitled to compensation for their services from the common fund, but the amount is subject to court approval. Camden I Condo. Ass'n, Inc. v. Dunkle, 946 F.2d 768, 771 (11th Cir. 1991). The following factors are considered in determining the appropriate percentage of the common fund to be awarded as fees:

> (1) the time and labor required, (2) the novelty
> and difficulty of the questions involved, (3) the
> skill requisite to perform the legal services
> properly, (4) the preclusion of other employment by
> the attorney due to acceptance of the case, (5) the
> customary fee, (6) whether the fee is fixed or
> contingent, (7) time limitations imposed by the
> client or the circumstances, (8) the amount
> involved and the results obtained, (9) the

experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Stahl v. MasTec, Inc., No. 8:05-CV-1265-T27TGW, 2008 WL 2267469, at *1 (M.D. Fla. May 20, 2008).

The attorneys' fee sought by Plaintiff's counsel is higher than what this Court would generally approve, and as a result, such a request has brought this Court tremendous pause. However, upon review of the present Motion and the attached exhibits thereto and an independent review of the legal authority surrounding this issue; specifically, the factors enumerated above, the Court finds that the attorneys' fee requested to be fair and reasonable under the circumstances.

The issue of attorneys' fees has previously been reviewed by United States Magistrate Judge Thomas B. McCoun III. (Doc. # 470). In his Report and Recommendation, Judge McCoun, noted that:

> The matter of legal fees has been negotiated separately from the resolution of the Plaintiffs' claims such that the agreement to pay fees and costs has no effect on this settlement agreement with Plaintiff and the opt-in Plaintiffs. The proposed fee award also reflects a compromise of the sum which might otherwise be available to Plaintiffs'

> counsel under both the lodestar approach and on a
> percentage basis of the total gross funds
> recovered.

(Doc. # 470). As the request is unopposed by Defendants and was negotiated separately, and thus had no effect on the settlement agreement negotiated for the class members, the Court finds that an attorneys' fee award of $1,300,000.00 is reasonable on its face and no further analysis is necessary by the Court.[2]

Furthermore, the attorneys' fee sought by Plaintiff's counsel is similar to those that have been approved by courts within the Eleventh Circuit and this district. See Camden I Condo. Ass'n, Inc., 946 F.2d at 774 ("The majority of common

---

[2]     In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

fund fee awards fall between 20% to 30% of the fund.");
Signorelli v. Utiliquest, LLC, No. 5:08-cv-38-OC-10GRJ, 2008
WL 7825757, at *2 (M.D. Fla. July 25, 2008)(awarding 30% of
the Maximum Gross Settlement for fair and reasonable
attorneys' fees, costs, and expenses); Pinto v. Princess
Cruise Lines, Ltd., 513 F. Supp. 2d 1334, 1343 (S.D. Fla.
2007)(approving attorneys' fees and costs equal to 30% of
common fund); Stahl, 2008 WL 2267469, at *2 (finding that
attorney's fees equating to 27.9% of the settlement was
reasonable); Diaz v. Hillsborough Cnty. Hosp. Authority, No.
8:90-cv-120-T-25B, 2000 WL 1682918, at *7 (M.D. Fla.
2000)(finding that reasonable attorneys' fees, litigation
expenses, and costs equating to 30% of common fund to be fair
and reasonable); Hosier v. Mattress Firm, Inc., No. 3:10-cv-
294-J-32JRK, 2012 U.S. Dist. LEXIS 94958, at *16 (M.D. Fla.
June 8, 2012)(report and recommendation adopted on July 10,
2012)(approving attorney fees in FLSA collective action in
the amount of $480,000.00, which represented 30% of the common
fund of $1.6 million).

Moreover, the amount of attorneys' fees requested under
the common fund recovery ($1,300,000.00) is less than the
$1,530,125.00 lodestar figure claimed by counsel for
Plaintiff. (Doc. # 476 at 13-14, 22—24); see Su v. Elec. Arts,

8

<u>Inc.</u>, No. 6:05-CV-131-ORL-28JGG, 2006 WL 4792780, at *5 (M.D. Fla. Aug. 29, 2006)(report and recommendation adopted on Sept. 20, 2006)(approving attorney fees in FLSA collective action in the amount of $120,000.00, which represented 15.3% of the common fund of $785,000.00).

As noted by the <u>Su</u> court: "In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute or a statute with a fee-shifting provision, the 'lodestar' is generally recognized as a reasonable fee." <u>Id.</u>[3] Here, the lodestar fee is $1,530,125.00. As the amount allocated to the attorneys' fees in the settlement ($1,300,000.00) is less than the lodestar amount, the Court concludes that $1,300,000.00 is a reasonable fee.

### B. **Litigation Costs**

The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. <u>See</u> 29 U.S.C. § 216(b); <u>Glenn v. Gen. Motors Corp.</u>, 841 F. 2d 1567, 1575 (11th Cir. 1988)(stating that in awarding a judgment in FLSA cases,

---

[3]   The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. <u>Norman v. Housing Auth. of City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Id.</u>

Courts shall award costs as permitted by 28 U.S.C. § 1920). In accordance with this standard, Plaintiff's counsel requests for this Court to approve up to $70,000.00 in costs to be paid from the common fund.

Upon review of the accompanying affidavits and exhibits Plaintiff's counsel has provided, the Court grants Plaintiff's unopposed request for out-of-pocket costs in this action as such a request is reasonable and fair under the circumstances. Therefore, the Court approves up to $70,000.00 in costs to be paid from the common fund, as agreed to by Defendants.

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED**

Plaintiff/Class Counsel's Unopposed Motion for Approval of Attorneys' Fees and Costs (Doc. # 476) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record